Moore *v.* Slack *et al.*

No. 17,164.

MOORE *v.* SLACK ET AL.

APPEAL.—*In Name of Deceased Person.—No Substitution of Parties.—Jurisdiction.*—Where an appeal is taken in the name of a deceased person, who died after judgment and before appeal, there is no valid appeal, and there can be no substitution of parties, either with or without the consent of the appellees, the appellate tribunal having no jurisdiction.

From the Huntington Circuit Court.

*C. W. Watkins, J. F. France, Z. T. Dungan,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellees.

McCABE, J.—The appellant brought suit against the appellees to enjoin them from casting foul water and the contents of privy vaults and waste water into a certain tile drain which, it is claimed, appellees maintained, which carried the alleged noisome substances so close to appellant's land, that is, on to the adjoining lot of appellee, Maria O. Murry, that the same flowed on to and over appellant's lot which she used for a pasture creating a nuisance in the neighborhood and greatly injuring appellant's lot. Issues were formed on the complaint, a trial of which resulted in a special finding of the facts by the court upon which it stated conclusions of law in favor of appellant upon which she had judgment enjoining the appellees and other relief.

The court, on motion, modified the decree somewhat, to which appellant objected and excepted. The only error assigned calls in question the ruling of the court in modifying the decree. The judgment was rendered on the 5th day of June, 1893. The motion to modify was filed during that term, and at the September term, on October 3, 1893, the judgment was modified. And from

that order this appeal is attempted to be prosecuted. The record was filed in this court on December 4, 1893. On that day notice of appeal was duly issued by the clerk of this court in the name of said appellant, Belinda A. Moore, which was duly returned on December 7, 1893, served on appellees.

On December 4, 1893, a paper entitled Belinda A. Moore, appellant, *v.* James R. Slack *et al.*, was filed in this court, purporting to be a motion on the part of Emma R. Taylor, Alice Moore, Alford Moore and Dessie Moore, stating that said appellant Belinda A. had died, that she had left surviving as her sole heirs at law said persons who are all alleged to be over twenty-one years of age, and they ask that their names be substituted as appellants, and "that they be permitted to prosecute this action in their own names." We presume they mean to ask leave to prosecute the appeal in their own names.

In a notice on the appellees of such motion to substitute they state that said Belinda A. Moore died before the appeal was taken. Service of this notice is acknowledged by the attorneys for the appellees, and in such acknowledgment say they agree that the substitution may be made.

The right to substitute depends on the question whether any appeal is pending at all.

The statute provides that, "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." Burns R. S. 1894, section 648 ; R. S. 1881, section 636.

Under this statute it has been held by this court that an appeal taken to the Supreme Court in the name of a

dead appellant is a nullity. *Taylor* v. *Elliott*, 52 Ind. 588 ; *Taylor* v. *Elliott*, 53 Ind. 441; *Branham* v. *Johnson*, 62 Ind. 259.

In the second case of *Taylor* v. *Elliott, supra,* this court said, on page 442, that : '' If the court acquired no jurisdiction of Taylor, neither did it, under the circumstances of this case, of the appeal. And if the judgment rendered by the court on the appeal was void, it was so because the appeal was void, conferring no jurisdiction upon the court over the cause. The decision amounts to this : That no genuine appeal was ever taken ; that an appeal in the name of a dead man, and apparently by him, in the absence of statutory provision, is a fiction, a nullity. In case of the death of a party after judgment, appeal must be taken, not in the name of the dead party, but by the person in whose favor the action might have been revived, if death had occurred before judgment,'' citing the statute. ''Since the above decision was rendered, two motions have been made in the premises, and submitted to this court ; the first one by Elliott, that the cause be struck from the docket; the second one by Deborah B. Taylor, that her name be substituted as appellant in the cause, in place of the name of Quartus Taylor, on the ground that said Quartus, before his death, had assigned his interest in the cause of action to her.

''The first motion must be sustained. No real appeal having been taken, the cause is a fiction on the docket of this court, and should be struck off.

''The second motion must be overruled. No real appeal having been taken, the court never having acquired jurisdiction of the cause, the substitution of a real name in the Appellate Court in a fictitious appeal on the docket of that court will not convert the fictitious appeal

into a real one and give the court jurisdiction of the cause."

Another section provides that "The death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, upon consent or upon notice, the cause may proceed." Burns R. S. 1894, section 649; R. S. 1881, section 637.

This is the section the counsel were aiming to act under in this case. But it clearly does not apply, as it is evidently intended to apply only to a case where the death occurs after the appeal and before the submission of the cause; because another section provides that "If the death of any or all the parties occur after the submission of a cause, judgment shall be rendered as at the term at which the submission was made, without any change of parties." Burns R. S. 1894, section 675; R. S. 1881, section 663.

As there was no valid appeal taken in this case, there can be no substitution of parties, either with or without the consent of the appellees, this court having no jurisdiction.

The cause is therefore stricken from the docket.

Filed Dec. 18, 1894; motion to reinstate overruled Jan. 18, 1895.