DOBLE v. BROWN ET AL.

[No. 1,978. Filed April 20, 1898.]

APPEAL AND ERROR.—*Death of Appellee.—Jurisdiction.*—The Appellate Court has no jurisdiction of an appeal prosecuted against a party who died after the rendition of the judgment from which the appeal was taken and before the filing of the appeal in the Appellate Court. pp. 12-14.

SAME.—*Death of Appellee.—Assignment of Errors.—Amendment.*— Where, after the rendition of a judgment, and pending an appeal to the Appellate Court the appellee dies, the assignment of errors cannot be amended by substituting appellee's representatives as appellees after the expiration of the time for appeal. p. 16.

From the Vigo Circuit Court. *Appeal dismissed.*

*Davis & Turk, John L. Patterson* and *McNutt & McNutt,* for appellant.

*Lamb & Beasley,* for appellees.

HENLEY, J.—Appellant filed his complaint and affidavit in attachment against appellees in the lower court. The Vigo Agricultural Society of Vigo county was made a garnishee defendant only. Appellee, Samuel A. Brown, answered the complaint and affidavit in attachment by a plea in abatement. A de-

murrer to this answer was overruled.  Appellant refused to plead further, and upon motion of appellee Brown judgment was rendered against appellant. This judgment was rendered on the 15th day of March, 1895.  Appellant prayed an appeal to this court.  The record was filed in the office of the clerk of this court on the 20th day of December, 1895.  After the judgment was rendered and before the appeal was taken the appellee Samuel A. Brown died.  The appeal was prosecuted against the said Samuel A. Brown without regard to the fact that there was no such person in existence at the time the appeal was taken.  On the 28th day of January, 1896, appellant filed a motion in this court entitled *Budd Doble* v. *Samuel A. Brown*, in which the court was asked to substitute for Samuel A. Brown, one of the appellees herein, the name of William A. Brown, executor of the will of Samuel A. Brown.  Accompanying the motion and filed with it were the proofs of the death of said Samuel A. Brown.  This motion was granted by the court.  No further action was taken by appellant until the 25th day of October, 1897, when leave was asked by appellant to file an amended assignment of errors.  On December 3, 1896, appellees moved to dismiss the appeal for the following, amongst other reasons:   (1) Because there is not now, and was not at the time the assignment of errors was filed in this court, any such person living as Samuel A. Brown, who is named as appellee in the assignment of errors herein, as shown by the proof on file.   (2)  Because the assignment of errors is defective in this, to wit:  That Samuel A. Brown is named as appellee in the assignment of errors, whereas said Samuel A. Brown was dead before the transcript and assignment of errors were filed in this court, as is shown by the proof on file.   (3) Because the appeal was taken in the name

of Budd Doble as appellant against Samuel A. Brown and Vigo Agricultural Society, appellees, and notice of appeal was served on Lamb & Beasley, attorneys of record for Samuel A. Brown, long after the death of said Brown, as is shown by the proof on file in this court. (4) Because Samuel A. Brown, named and designated in the assignment of errors as an appellee, died after judgment in the court below and before this appeal was taken and before the transcript was filed in this court, and notice of appeal was served upon the attorneys of record in the court below for said Brown, instead of being served upon William A. Brown, executor of the will of Samuel A. Brown, deceased.

The facts stated in each of the four specifications of the motion to dismiss are borne out and established by the record. No valid appeal was ever taken in the cause, the attempted appeal is a fiction and a nullity. It is provided by section 648, Burns' R. S. 1894, that "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment." This is the section of the statute under which the parties to this action should have proceeded. It has been held under this section by the appellate courts of this State, that they have no jurisdiction of an appeal prosecuted by or against parties who had died after the rendition of the judgment from which the appeal was taken and before the filing of the appeal in the appellate court. *Taylor* v. *Elliott*, 52 Ind. 588; *Taylor* v. *Elliott*, 53 Ind. 441; *Branham* v. *Johnson*, 62 Ind. 259; *Moore* v. *Stack*, 140 Ind. 38. In the case of *Moore* v. *Stack*, *supra*, the Supreme Court of this State say: "In a notice on the appellees of

such motion to substitute they state that said Belinda A. Moore died before the appeal was taken. Service of this notice is acknowleged by the attorneys for the appellees, and in such acknowledgment say they agree that the substitution may be made. The right to substitute depends on the question whether any appeal is pending at all." The opinion then sets out section 648, *supra,* and continues: "Under this statute it has been held by this court that an appeal taken to the Supreme Court in the name of a dead appellant is a nullity." At this point in the opinion the court quotes at length from the opinion in the case of *Taylor* v. *Elliott,* 53 Ind., on page 442, and continuing says: "Another section provides that 'The death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, upon consent or upon notice, the cause may proceed.' Section 649, Burns' R. S. 1894 (637, R. S. 1881). This is the section the counsel were aiming to act under in this case. But it clearly does not apply, as it is evidently intended to apply only to a case where the death occurs after the appeal and before the submission of the cause; because another section provides that, 'If the death of any or all the parties occur after the submission of a cause, judgment shall be rendered as at the term at which the submission was made, without any change of parties.' Section 675, Burns' R. S. 1894 (663, R. S. 1881). As there was no valid appeal taken in this case, there can be no substitution of parties, either with or without the consent of the appellees, this court having no jurisdiction."

This court acquired no jurisdiction of Samuel A. Brown, nor of the appeal herein, and the order made by this court on the 31st day of January, 1896, substituting William A. Brown, executor of the will of

Samuel A. Brown, as appellee, in the place of Samuel A. Brown, was void, because the appeal was void, and conferred no jurisdiction upon this court over the cause. "No real appeal having been taken, the court never having acquired jurisdiction of the cause, the substitution of a real name in the appellate court in a fictitious appeal on the docket of that court will not convert the fictitious appeal into a real one and give the court jurisdiction of the cause." *Taylor* v. *Elliott,* 53 Ind. 441. But if this court should have held that the action of the court in granting appellant's motion to substitute the name of William A. Brown, executor, etc., in the place of Samuel A. Brown, appellee, was valid, and that the court could under the law make such an order, still appellant would be in no better situation, because his assignment of errors is fatally defective, as his motion to amend was not filed in this court until October 25, 1897, nearly two years after the pretended appeal was filed in this court. This court will not permit the amendment of the assignment of errors as to a material matter, after the expiration of the time for appeal. There having been no valid appeal taken in this cause, any action of the court herein would be a nullity. The cause is therefore stricken from the docket.