### KEMP ET AL. *v.* PRATHER ET AL.

[No. 5,907.   Filed October 26, 1905.]

APPEAL AND ERROR.—*Vacation Appeal.*—*Parties.*—*Failure to Include All.*—*Jurisdiction.*—The Appellate Court has no jurisdiction to determine the merits of a vacation appeal which is taken without making all of the parties to the judgment below parties to the appeal.

From Madison Circuit Court; *John F. McClure,* Judge.

Petition by Leanna Kemp and others for the location of a highway, against which William B. Prather and others remonstrate. From a judgment in favor of remonstrants, petitioners appeal. *Appeal dismissed.*

*Walter Vermillion* and *Bagot & Bagot,* for appellants.
*Kittinger & Diven,* for appellees.

MYERS, P. J.—This appeal is taken from a judgment rendered by the court below in favor of appellees and four others, ordering and directing the Board of Commissioners of the County of Madison to correct its record in the matter of a certain highway petitioned for by appellants, Leanna Kemp and others.

It appears from the record in this case that appellants petitioned said board of commissioners for the location of a certain highway in said county; that the petition was presented at the April term, 1902, of said board, and thereafter such proceedings were had before said board, and over the several remonstrances filed by William B. Prather, Perry Coy, Alexander W. McClintock, Benjamin F. Coy, Ferdinand Lutz, Sylvester G. Prather, Dora Coy, Sanford M. Coy and Mary J. Wise, that said highway was ordered established; that on July 25, 1902, said remonstrators appealed to the Madison Circuit Court from the action of said board in establishing said highway. In June, 1903, and while said appeal was pending, William B. Prather, Benjamin F. Coy, Dora Coy, Perry Coy, Sylvester G. Prather, Sanford M. Coy, Mary J. Wise, Ferdinand Lutz and Alexander W. McClintock filed with said board of commissioners a motion, asking said board to correct its record in certain particulars with reference to said highway, and for a *nunc pro tunc* entry to make it speak the truth. This motion was overruled by the board. Thereupon the makers of the motion appealed from this action of the board to the Madison Circuit Court, where the mat-

ters and facts set forth in said motion were tried, resulting in a finding and judgment in favor of the makers of the motion.

In this appeal Leanna Kemp and twenty others appear as appellants, and William B. Prather, Alexander W. McClintock, Benjamin F. Coy, Sylvester G. Prather and Ferdinand Lutz appear as appellees in the assignment of errors.

A motion to dismiss this appeal is made by appellees on the ground that this court has no jurisdiction to consider the merits of this cause, because all the parties to the final judgment are not before this court. Appellants have not favored us with any reason why appellees' motion should not prevail, nor do we call to mind any theory authorizing us to overrule it. This is a vacation appeal from a single judgment against appellants and in favor of William B. Prather and eight others, only five of whom are named in the assignment of errors as appellees. This court can not take jurisdiction in vacation appeals to pass upon the merits of a cause where all of the parties in whose favor judgment has been rendered in the court below, or would be affected by a disturbance of such judgment on appeal, are not before the court as parties in the assignment of errors. *Kuhn* v. *American Mut. Life Ins. Co.* (1903), 160 Ind. 356; *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372; *North* v. *Davisson* (1902), 157 Ind. 610; *Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54; *Ex parte Sullivan* (1900), 154 Ind. 440; *Wilkinson* v. *Vordermark* (1904), 32 Ind. App. 633; *Paxton* v. *Tyler* (1898), 20 Ind. App. 455. It is said in the case of *Smith* v. *Fairfield* (1901), 157 Ind. 491: "To give this court jurisdiction of an appeal taken in vacation the assignment of errors must contain the full names of all parties affected by the judgment, since we have no power to disturb a joint judgment without disturbing it as to all, and have no jurisdiction to disturb it as to those who are not parties to the appeal;" citing authorities.

Appeal dismissed.