# LAPORTE LAND COMPANY ET AL. *v.* MORRISON
## ET AL.

[No. 20,673. Filed June 26, 1906.]

1. APPEAL AND ERROR.—*Parties.—Devisees.—Abatement and Revival.*—Where a party to a proceeding for the establishment of a drain dies after judgment but before appeal, her devisees or heirs must be made parties to the assignment of errors on appeal. p. 74.

2. SAME.—*Parties.—Abatement and Revival.—Executors and Administrators.—Judgment.—Costs.*—The executor of the estate of a testate party to a ditch proceeding, in whose favor a judgment for costs had been rendered, is a proper party, together with the devisees, to the assignment of errors in such cause on appeal, the party having died after judgment and before appeal. p. 75.

3. SAME.—*Parties.—Death.—Jurisdiction.*—The Supreme Court has no jurisdiction of a cause on appeal where a party to the judgment below died before such appeal was taken, and her proper representatives were not made parties to the assignment of errors. p. 76.

4. SAME.—*Vacation.—Parties.—Dismissal.*—Where all of the parties to the judgment below are not made parties on a vacation appeal, the Supreme Court has no jurisdiction, and the appeal will be dismissed. p. 76.

From Laporte Circuit Court; *Walter A. Funk,* Special Judge.

Drainage petition by the Laporte Land Company, against which Edith Morrison and others remonstrate. From a judgment against petitioner, it and another appeal. *Appeal dismissed.*

*Darrow & Worden,* for appellants.

*J. F. Gallaher, John B. Cockrum, Osborn & McVey* and *Julius C. Travis,* for appellees.

JORDAN, C. J.—This was a proceeding for the construction of a public ditch under the drainage law of 1885 (Acts 1885, p. 129) and amendments, including the act of 1903 (Acts 1903, p. 383). The following appear to be the

steps taken therein: Appellant Laporte Land Company, as the sole petitioner, filed a petition on March 26, 1904, in the clerk's office of the Laporte Superior Court for the construction of the ditch involved in this proceeding. Notice was given to the owners and occupants of the several tracts of land that would be affected by the construction of the improvement, and the case was docketed in said Laporte Superior Court as a cause pending therein, and subsequently was referred to the drainage commissioners, as required by the statute. These commissioners made their report to the court, making assessments against the lands benefited by the proposed ditch. A change of venue was taken to the Porter Superior Court, and subsequently the cause was changed from the latter court to the Laporte Circuit Court. Motions were made by the several landowners, who were remonstrators in the proceedings, to dismiss the action for want of jurisdiction of the court to entertain the same. On July 6, 1904, these motions were sustained, and judgment was rendered against the petitioner for cost. To reverse this judgment appellants prosecute this vacation appeal.

Some of the appellees herein have moved to dismiss the appeal. The following are the verified facts upon which the motion is based: Elizabeth Place, a party to the proceedings below and a landowner whose lands had been assessed for the construction of the ditch and who was a remonstrator against said assessments, died testate, the owner of the aforesaid lands, at Laporte county, Indiana, on April 24, 1905, after the rendition of the final judgment dismissing the proceedings and adjudging costs against appellant, but before this appeal was taken. She left surviving her as her sole heirs several children, who were devisees under her will, and to whom the lands so assessed and involved in this proceeding were devised. The will was duly probated in Laporte county on May 2, 1905, and the persons therein nominated as execu-

tors duly qualified. The appeal was taken on July 6, 1905, on which date the transcript and assignment of errors were filed in the office of the Clerk of the Supreme Court. Although Mrs. Place had died more than two months prior to the taking of the appeal, nevertheless her name was inserted in the assignment of errors as a coäppellee with other parties. None of her said heirs or devisees who, under the will, succeeded to her interest in the lands, nor the executors thereof, have been made appellees. The motion to dismiss is, therefore, made on the ground that appellant has failed to make all persons appellees who are proper and necessary as such parties.

In addition to the heirs or devisees of Elizabeth Place, other persons who should have been made appellees have been entirely omitted in appellants' assignment of errors. It is insisted that, by reason of appellants' failure to make all persons appellees who are necessary as such, we have no jurisdiction to determine the case on its merits, and that the motion to dismiss must be sustained. In this contention we concur. Under the circumstances, had Elizabeth Place been living at the time the appeal was taken she certainly would have been a necessary party appellee. She having died after the rendition of the final judgment in the lower court, but before the appeal was taken, appellant company should have proceeded under §648 Burns 1901, §636 R. S. 1881, and made as appellees in her place the persons who, under her will, succeeded to her interest or title in and to the lands which had been assessed for the construction of the ditch. *Rich Grove Tp.* v. *Emmett* (1904), 163 Ind. 560, and cases cited.

Possibly by reason of the fact that the lower court in dismissing the proceedings rendered a judgment for costs in favor of Mrs. Place and others, the executors of 2. the will would also have been necessary parties to the appeal. Making her a party after she was dead was, in all respects, a nullity, and is of no avail whatever,

as this court cannot acquire or obtain jurisdiction over appeals which are prosecuted by or against parties 3. who died after the rendition of the final judgment but before the appeal was taken. *Moore v. Slack* (1894), 140 Ind. 38, and cases cited; *Hewitt v. Mills* (1901), 27 Ind. App. 218; *Doble v. Brown* (1898), 20 Ind. App. 12.

Had Mrs. Place been alive when the appeal was taken, she having been an adverse party to appellant in the lower court and one in whose favor the final judgment 4. was rendered, appellant necessarily would have been required to make her an appellee, otherwise we would have had no jurisdiction to decide the case on its merits, and dismissal of the appeal would have resulted. *Kreuter v. English Lake Land Co.* (1902), 159 Ind. 372, and cases cited; *Kuhn v. American Mut. Life Ins. Co.* (1903), 160 Ind. 356; *Moore v. Ferguson* (1904), 163 Ind. 395; *Haymaker v. Schneck* (1903), 160 Ind. 443; *Abshire v. Williamson* (1898), 149 Ind. 248; *Rich Grove Tp. v. Emmett, supra.*

Under the circumstances, the omission to make parties to the appeal those who succeeded to the interest of Mrs. Place in the lands affected by the proposed ditch, leaves the matter of the appeal in the same condition as it would have been had she been living at the time it was taken and appellant had failed to make her a party appellee.

For the reasons urged, the motion to dismiss is sustained and the appeal herein is dismissed.