## WALDRIP *v.* McCONNELL, ADMINISTRATOR, ET AL.

[No. 6,304.  Filed April 21, 1908.  Rehearing denied June 5, 1908.]

1. APPEAL.—*Assignment of Errors.—Parties.*—The assignment of errors constitutes the complaint on appeal; and where a stranger to the record below is made a party to such assignment of errors, his right so to be must clearly be made to appear in such assignment.  p. 56.

2. PLEADING.—*Complaint.—Parties.—Fiduciary Capacity.*—A complaint against a fiduciary must clearly show, by the proper averments, that the action is so brought.  p. 56.

3. APPEAL.—*Assignment of Errors.—Parties.—Capacity.—Descriptio Personae.*—An assignment of errors making "Ralph McConnell, administrator of the estate of David J. McConnell, deceased," a party appellee, is insufficient, where David J. McConnell was a party below and there is no showing why he is not made a party on appeal.  p. 56.

4. SAME.—*Judgment.—Death.—Survival of Actions.*—Where death occurs after judgment, but before appeal, the proper representative may be substituted on appeal, where the cause of action is one that survives in favor of, or against such representative.  p. 56.

5. APPEAL.—*Parties.*—*Death.*—Where a party dies after judgment in his favor, the adverse party must either have an order of substitution of his representative in the court below, or present the facts on appeal showing the representative's right as a party. p. 57.

6. SAME.—*Parties.*—*Omissions.*—Where one of the parties in whose favor a judgment was rendered is not made a party on appeal, such appeal will be dismissed. p. 57.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Isaac Waldrip against David J. McConnell and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*Clodfelter & Fine* and *Jesse G. King,* for appellant.

*Will R. Wood, J. T. Saunderson, Thomas & Foley* and *Ralph McConnell,* for appellees.

HADLEY, P. J.—This is an action brought by appellant against David J. McConnell, Mary F. McConnell and George A. McConnell to recover damages resulting from an alleged conspiracy to alienate the affections of appellant's wife and wrongfully to obtain his property. Issue was joined by a general denial, trial had by jury, and verdict rendered in favor of appellees. Motion for a new trial was filed by appellant and against appellees named, and overruled, and judgment rendered in favor of said appellees against appellant in accordance with the verdict.

The assignment of errors is entitled: "Isaac Waldrip, appellant, v. Ralph McConnell, Administrator of the estate of David J. McConnell, deceased, Mary McConnell, George A. McConnell." There is no showing in the record why David J. McConnell, who was a party to the judgment below, is not made a party appellee in this cause, and why Ralph McConnell, administrator of David J. McConnell, is made party appellee, except that we might infer from the description of Ralph McConnell that David J. McConnell is dead and that Ralph McConnell had been appointed his administrator.

It has often been held that the assignment of errors in the Appellate Court is appellant's complaint, and the same rules are applied in its construction as are applied to complaints, so far as they are applicable, and where a stranger to the record below is sought to be made a party in the appellate tribunal his interest and right so to be made a party to the appeal should be set out in the assignment of errors to the same extent as he would be required to show such interest and right if he were instituting a suit in the *nisi prius* court.

1.

It is well settled that where a party is sued in his fiduciary or representative capacity the complaint must contain sufficient averments to show that the action is so brought and that his interest or right is in such capacity. *Whisler* v. *Whisler* (1904), 162 Ind. 136.

2.

As the assignment of errors stands, this court cannot know whether Ralph McConnell is sought to be charged in a fiduciary or personal capacity. The words "administrator of the estate of David J. McConnell, deceased," may be taken, and, in the absence of any averments or showing to the contrary, should be taken to be merely *descriptio personae*. Whether this fiduciary relation has been established by a court of competent jurisdiction, or is a surmise of the pleader, is left to us to infer. This we have no power to do. We must determine a cause upon the facts presented by the record, and matter not therein disclosed cannot be supplied by inferences.

3.

Assuming as a fact that David J. McConnell died after rendition of the judgment and prior to the taking of the appeal, appellant would have the right to substitute his personal representative as appellee in the appeal; provided the action was one that survived the decease of the party and might be revived by or against such personal representative. §282 Burns 1908, §281 R. S. 1881.

4.

But to avail himself of this provision the appellant must either have an order of substitution in the court below, and

present such order as a part of the transcript, or
5. must present the facts by which he claims the right
so to substitute and appeal to this court in such a
way that this court will not be left to conjecture or doubt
as to why he has undertaken to exercise said right of substitution. The assignment of errors, like a complaint,
must be against the proper party. One person cannot be
sued in the court below and on appeal error be assigned
against another without the giving of a reason clearly showing the right of such substitution; the general rule being
that the assignment of error must be against the person in
whose favor the alleged erroneous ruling was made. *Braden*
v. *Leibenguth* (1890), 126 Ind. 336, and cases cited; *Moon*
v. *Cline* (1895), 11 Ind. App. 460.

David J. McConnell was a party to the judgment below,
and therefore a necessary party to this appeal. He is not
so made a party, no reason is given why he is not thus
6. made a party, and no sufficient showing is made why
Ralph McConnell, administrator of the estate of David J. McConnell, is made a party. This court has no jurisdiction in the cause.

Appeal dismissed.