CLARK ET AL. *v.* ATTICA BUILDING AND LOAN ASSOCIATION ET AL.

[No. 15,479.   Filed October 15, 1935.]

*Lee Whitehall,* for appellants.

*Wm. W. Kummings,* and *Thomas M. Ryan,* for appellees.

DUDINE, C. J.—This is an attempted appeal from a judgment rendered in a cause instituted by appellee, The Attica Building and Loan Association, Attica, Indiana. The judgment is against William Ziegler, appellants, and several of the appellees named in the assignment of errors.

The assignment of errors does not name William Zeigler as an appellee, nor as an appellant; it does however name Zula M. Zeigler, and Zula M. Zeigler, Executrix of the Last Will and Testament of William Zeigler, deceased, as an appellee. It further alleges:

"That the appellants and appellees named herein were all of the parties plaintiff and defendant of record in the court below except William Zeigler who died since the rendition of the judgment in the court below; that Zula M. Zeigler is the sole and only heir at law of William Zeigler, deceased, and that Zula M. Zeigler, Executrix of the Last Will and Testament of William Zeigler, deceased, is the personal representative of said decedent under an order of appointment of the Probate Court of Los Angeles County, California, and that the said Zula M. Zeigler is the sole and only legatee and devisee under the will of said decedent, William Zeigler."

Appellees have filed a motion to dismiss this appeal. One of the grounds of the motion is that William Zeigler was a party to the judgment, and is not made a party to this appeal. Appellants have not filed an answer or answer brief in opposition to said motion.

The record shows that William Zeigler's interest in the judgment was adverse to the interests of appellants, and that he would be affected by a disturbance of the judgment, therefore he was a necessary party to the appeal. *Capital Nat'l. Bank* v. *Reid, Admr.* (1900), 154 Ind. 54, 55 N. E.

1023; *Kemp et al.* v. *Prather et al.* (1905), 36 Ind. App. 382, 75 N. E. 673.

It is apparent that appellants attempted to substitute Zula M. Zeigler and Zula M. Zeigler, Executrix of the Last Will and Testament of William Zeigler, as appellees, for said William Zeigler, by stating as above set forth in the assignment of errors the facts that William Zeigler had died, and that Zula M. Zeigler was his sole heir, and the duly appointed executrix of his last will and testament.

This is, in effect, an attempt to have this court substitute parties on appeal before the appeal is perfected, without filing a petition for such substitution. It has been held repeatedly by this court and our Supreme Court that this court and the Supreme Court do not have jurisdiction of cases on appeal until a transcript and a proper assignment of errors is filed. See *Helms* v. *Cook* (1914), 58 Ind. App. 259, 108 N. E. 147; *Moore* v. *Slack et al.* (1894), 140 Ind. 38, 39 N. E. 237. The trial court alone has the power to substitute parties after rendition of judgment, and before the appeal is completed. *Helms* v. *Cook, supra.* See also *Sindlinger* v. *Mitchell* (1933), 97 Ind. App. 296, 186 N. E. 347.

William Zeigler having been a necessary party to this appeal, he having died before the appeal was completed, and no substitution having been effected, the appeal should be dismissed. *Sindlinger* v. *Mitchell, supra.*

Appellees have presented other grounds for dismissal of this appeal, but in view of the result reached by us, it is not necessary that we discuss any of said other grounds.

Appellees Carrie L. Reed and Nayne B. Reed have filed a separate motion to dismiss this appeal. In view of the result reached by us with reference to said mo-

tion to dismiss, filed by appellee, The Attica Building and Loan Association, Attica, Indiana, it is not necessary that we discuss or act upon said motion of appellees, Carrie L. Reed and Nayne B. Reed.

Appeal dismissed.