PEOPLES STATE BANK OF CROWN POINT ET AL. *v.*
BANKERS TRUST COMPANY OF GARY ET AL.

[No. 15,116. Filed November 24, 1936.]

*Sheehan & Lyddick, Gavit, Hall, Smith & Gavit, Call & Call* and *Tinkham & Galvin,* for appellants.

*McMahon, Strom & Hulbert* and *Harris & Bush,* for appellees.

BRIDWELL, J.—This is an attempted vacation appeal from a judgment rendered in an action brought by the appellee, Bankers Trust Company of Gary, Lake county, Indiana, to foreclose a real estate mortgage on certain real estate located at Gary, Indiana, said mortgage having been given to secure a bond issue in the principal sum of $50,000. Defendants to the complaint were the mortgagors, subsequent owners of the real estate mortgaged, junior mortgagees, and numerous persons, each of whom claimed to have a mechanic's lien on the real estate mortgaged. During the progress of the proceedings additional parties defendant were brought into court on petition, and others were made defendants to various cross-complaints filed. After the closing of issues upon the complaint and the several cross-complaints, the cause was submitted to the court for trial.

The trial resulted in a finding in favor of the original plaintiff, Bankers Trust Company of Gary, Lake County, Indiana, that there was due it the sum of $75,207.43, that its mortgage was a first lien on the real estate therein described, and that said mortgage should be foreclosed as against all defendants and all cross-complainants; in favor of appellant, Peoples State Bank of Crown Point, Indiana, as trustee, that its mortgage on said real estate was a second lien thereon, junior to the mortgage of said Bankers Trust Company; in favor of the cross-complainants, Calumet Supply Company, Albert J. Crowe, and John V. Crowe, copartners doing business under the firm name and style of Crowe Brothers, Gary Materials Company, Midland Terra Cotta Company, Foster Lumber Company, Inc., Louis B. Rodin and Harry M. Weeks, copartners doing business as Calumet Glass Works, Aziz Benjamin, James McCartney, and David H. Jennings, as receiver of the First National Bank, Gary, Indiana, for the several varying amounts due, for a foreclosure of their several mechanics' liens, and that each of said liens was of equal priority, and each junior to the mortgages found to be a first and second lien; against all other cross-complainants on their cross-complaints, that they take nothing. Judgment in accordance with the finding was rendered. A separate motion for a new trial was filed by eight of the parties. These motions were each overruled, an exception duly reserved, and this attempted appeal followed. The errors assigned and relied on for reversal are alleged errors in overruling the said several motions for a new trial.

The record discloses that among those who were defendants to the complaint of appellee, Bankers Trust Company of Gary, Lake county, Indiana, and coparties to the judgment with appellants, are Lighthouse Elec-

tric Company, Garfield Iron and Roofing Company, and Zweig Iron Works.

The jurisdiction of this court to determine this appeal on its merits is challenged, it being asserted that notice of appeal as required by statute has not been served on either of the appellees, Lighthouse Electric Company, Garfield Iron and Roofing Company, or Zweig Iron Works, although each one of them is a necessary party, and named as an appellee in the assignment of errors.

Our statute relating to vacation appeals by a part of coparties (§2-3213, Burns 1933, §474, Baldwin's 1934) insofar as it need be considered here, provides as follows:

> "A part of several coparties may appeal to the Supreme or Appellate Court, but, in such case, they must serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of such court, and whenever it shall be made to appear to such court by satisfactory proof that such other coparties, or any of them, are not residents of the state, and have no attorneys of record in the court below, or that such attorneys cannot be served with such notice in the state, the court may order that notice of the pendency of the appeal be given to such nonresident coparties in some newspaper printed and published in the state for three (3) weeks successively; after which, if proper notice has been given the appellees, the court shall proceed in all respects as if said nonresident coparties had been personally served with notice of said appeal."

The method followed by appellants in serving notice of appeal in the instant case was by preparing such notices and securing acknowledgment of service from the clerk of the court below and the several appellees, except as to appellee "The Kellogg-Mackay Company," who was notified by publication had in conformity with an order of this court. The acknowledgment by appellees is attached to the notice of appeal, addressed to

plaintiff and all defendants, and is as follows: "The undersigned hereby acknowledge service of the foregoing notice, and receipt of a copy thereof, this 16th day of September, 1933." This acknowledgment of service, together with the record, the assignment of errors, and the notices of appeal, were filed with the clerk of this court on September 19, 1933. Among the signatures appearing to the acknowledgment of service of notice of appeal is that of "Garfield Iron and Roofing Company, by A. C. Strom, its attorney," "Zweig Iron Works, by Benny Zweig," "Charles L. Surprise, trustee in bankruptcy of the estate of Lighthouse Electric Company, bankrupt, by Ray C. Thomas, attorney." No notice other than as above stated has been served on either of the three named appellees last mentioned, nor has any further attempt been made to bring them before this court. The record shows that they were each defaulted in the court below, and a judgment rendered against each, neither of them appearing by an attorney of record at the time of such default and judgment. Under such a state of the record has this court jurisdiction over all the necessary parties to the appeal so as to enable it to determine the appeal on its merits? We think not.

As to each of these three necessary parties, the acknowledgment of service of notice of appeal is not made by any person who was an attorney of record in the court below, nor by such parties. Charles L. Surprise, trustee in bankruptcy of the estate of Lighthouse Electric Company, bankrupt, was not a party to the original complaint or to any cross-complaint in the action tried, nor is he mentioned as an appellant or appellee in either the caption or body of the assignment of errors. No attempt has been made to substitute him as a party in place of the Lighthouse Electric Company, and we cannot take judicial notice

of proceedings in bankruptcy. *Boynton* v. *Ball* (1887), 121 U. S. 457, 467, 7 S. Ct. R. 981, 30 L. Ed. 986-987. If it be true that said trustee is the successor in interest of said Lighthouse Electric Company, yet he is an entire stranger to this record, and any acknowledgment of service of notice of appeal by him, or by his attorney for him, would not be sufficient to vest this court with jurisdiction over the said Lighthouse Electric Company under the state of this record. Jurisdiction must affirmatively appear. For cases bearing upon this particular question, see: *Waldrip* v. *McConnell, Admr.* (1908), 42 Ind. App. 54, 84 N. E. 517; *Sindlinger* v. *Mitchell* (1933), 97 Ind. App. 296, 186 N. E. 347.

Our courts have consistently held that the right to an appeal is a statutory right, and that one seeking to avail himself of the right must comply with the statutory provision granting it. In the case of *State* v. *Nagel* (1928), 200 Ind. 270, 272, 163 N. E. 97, our Supreme Court said: "The right to appeal is wholly statutory, and no one has a vested right to appeal," and further held that an appeal can be taken only when authorized by statute, and then only in the manner and on the conditions named therein. In *Lovett* v. *Citizens Trust, etc., Bank* (1929), 200 Ind. 608, 613, 165 N. E. 545, the court says: "The right of appeal is given by statute, or it does not exist. In acquiring jurisdiction over a particular case, this court does not exercise its inherent powers, *but must exact a compliance with statutory provisions.*" (Our italics.) In *National Surety Company* v. *Button* (1908), 41 Ind. App. 301, 307, 83 N. E. 644, this court said: "The legislature has prescribed the steps necessary to an appeal, and by the provisions made the courts are bound." See also: *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535; *Bechtell* v. *The Central, etc., Engineering Co.* (1914), 182 Ind. 568, 107 N. E. 73; *Sindlinger* v. *Mitchell, supra; Bostick* v.

*Barnes* (1933), 97 Ind. App. 73, 185 N. E. 664; *Vancleave* v. *Wolf* (1934), 98 Ind. App. 650, 190 N. E. 371.

It was the duty of appellants, if they desired to have this case reviewed on appeal, to bring all necessary parties into court by some method authorized by statute. The attempted service of notice as to the three appellees, Lighthouse Electric Company, Garfield Iron and Roofing Company, and Zweig Iron Works, in the manner here followed, was ineffectual for that purpose. Neither of them have appeared, filed any brief, declined to join in the appeal, or taken any steps whatever in this court. More than ninety days have elapsed since the attempted service of such notice, and no further steps have been taken by appellants for the purpose of conferring jurisdiction by this court over the said appellees. (See rule 36, of Supreme and Appellate Courts.) The time for consummating appeal having long since passed, the issuance and service of notice at this time would avail nothing.

On May 25, 1934, appellee, Bankers Trust Company, of Gary, Lake County, Indiana, filed its motion to dismiss this appeal, which was overruled by the court. However, where, as here, it conclusively appears that the court does not have jurisdiction over the necessary parties to the appeal, such erroneous action would not change the status of the appeal. The court is authorized, and as a matter of duty must dismiss the appeal on its own motion.

Appeal dismissed.

Curtis, J., not participating.