HOME INDEMNITY COMPANY, INCORPORATED *v.*
YOUNG ET AL.

[No. 15,922. Filed June 15, 1937. Rehearing denied October
15, 1937. Transfer denied October 27, 1937.]

*Slaymaker, Merrell & Locke,* and *Clarence F. Merrell,*
for appellant.

*Raymond Murray,* for appellees.

BRIDWELL, C. J.—The record discloses that this case
was tried by the court without a jury, resulting in a de-
cision and judgment in favor of appellees; that the date
of the decision, and of the rendition of the judgment
from which this appeal is prosecuted, was June 22,
1936; that appellant filed its motion for a new trial on
July 15, 1936, and said motion was overruled on Sep-
tember 23, 1936, at which time appellant prayed and
was granted an appeal to this court upon condition that
appellant, within 30 days, file its appeal bond in an
amount fixed by the court, and with such surety thereon
as was then tendered and approved by the court. Ap-
pellant duly complied with all the conditions imposed
by the court's order granting the prayed appeal, and
thereafter, on December 5, 1936, filed a transcript of

the record and its assignment of errors with the Clerk of this court.

A verified motion to dismiss the appeal has been filed by appellee Myrtle Young. In such motion she avers as facts that Clay Young, one of the appellees in whose favor judgment was rendered by the trial court, died on July 4, 1936, after the rendition of the judgment appealed from, and before any appeal was prayed or granted; that no steps were taken after the death of said Clay Young to substitute the proper persons before the appeal was prayed. The truth of these averments is in no way challenged by appellant.

The death of a party to a judgment does not necessarily prevent an appeal from such judgment. Our statutory law provides that "in case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment." (Section 2-3215 Burns Ind. Stat. Anno. 1933, §478 Baldwin's 1934.) It further provides that "the death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, upon consent or upon notice, the cause may proceed." (Section 2-3216 Burns Ind. Stat. Anno. 1933, §479 Baldwin's 1934.)

A term time appeal was attempted in the instant case, but the appeal was not prayed nor in any way prosecuted until September 23, 1936, more than two months after the death of Clay Young on July 4, 1936. There was no substitution of parties made as provided for by our statutes hereinbefore quoted.

In *Thompson* v. *Newson* (1913), 52 Ind. App. 444, 446, 100 N. E. 772, this court said: "An appellate court has no jurisdiction of an appeal prosecuted against a party who has died after the rendition of the judgment from

which the appeal was taken and before the filing of the appeal in the Appellate court. Such an attempted appeal is a nullity." See also: *Doble* v. *Brown* (1898), 20 Ind. App. 12, 50 N. E. 38; *Sindlinger* v. *Mitchell* (1933), 97 Ind. App. 296, 186 N. E. 347; *Moore* v. *Slack* (1894), 140 Ind. 38, 39 N. E. 237; *Chilcote* v. *Jordan* (1936), 210 Ind. 587, 4 N. E. (2d) 186.

In cases where a term time appeal has been prayed and granted during the *lifetime* of a party to the judgment, and death occurs before the transcript of the record and assignment of errors is filed in the court to which the appeal is granted, but the appeal is consummated in accordance with the order granting same, a different situation exists, and a different principle applies. See *Bruiletts Creek Coal Company* v. *Pomatto* (1909), 172 Ind. 288, 88 N. E. 608.

Under the facts disclosed by the record the motion to dismiss filed herein should be and is sustained because of a lack of jurisdiction for any other purpose.

Appeal dismissed.