## STOUP *v.* STOUP.

[No. 16,769.   Filed June 30, 1941.   Rehearing denied October 23, 1941.]

*C. M. George,* of Rushville, and *John J. Gould,* of Indianapolis, for appellant.

*Chauncey W. Duncan,* of Rushville, for appellee.

STEVENSON, J.—The appellee, Clyde Stoup, has filed a motion to dismiss this appeal, for the reason that the Appellate Court has no jurisdiction over the person of the appellee. In support of the motion to dismiss this appeal, the appellee calls our attention to the following facts as disclosed by the record.

The appellant, Pauline A. Stoup, commenced this action against William W. Stoup for the purpose of obtaining a divorce from the said William W. Stoup. William W. Stoup, as husband of the appellant, filed a cross-complaint in the original action, asking that a divorce be granted him, and further seeking to have a trust declared in certain property, both real and personal.

Upon the issues joined, the court rendered judgment on the 18th day of July, 1940. The court found against the appellant on her complaint, and granted William W. Stoup a divorce on his cross-complaint.

The court further ordered that a commissioner be appointed to convey certain real estate to the said William W. Stoup, and also ordered and adjudged that the appellant should deliver two hundred dollars in cash to the said William W. Stoup within sixty days, and failing so to do judgment should be rendered against her for such amount.

The appellant filed a motion for a new trial, and this motion was overruled on the 8th day of November, 1940. The appellant prayed an appeal on this date, and has assigned as error the alleged error in overruling the appellant's motion for a new trial.

The record further discloses that William W. Stoup died on the 2nd day of October, 1940, thirty-seven days before the ruling of the court on the motion for a new trial. Apparently, the attention of the trial court was not called to this fact; and no effort was made to substitute any one in his place, until the 29th day of January, 1941. On this date, the appellant filed an application asking that Clyde Stoup be substituted in place and instead of William W. Stoup as sole surviving heir at law; and the court, on said day, ordered the said substitution. No notice was given the said Clyde

Stoup of the filing of the application, nor did he consent thereto, and he had no such notice of such substitution until after such substitution had been made. This action of the court was made at the January term, 1941, and it was a different term of court from that in which the order was made overruling the appellant's motion for a new trial. Our statute provides:

> "In case of the death of any or all of the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment." § 2-3215, Burns' 1933.

It is clear from the reading of this statute that the death of the said William W. Stoup, after the rendition of the judgment and before the ruling on the motion for a new trial, did not in itself operate to destroy appellant's right of appeal. Causes of action for divorce die with the person, but where a judgment or decree is entered in such action involving the distribution of property, the right of appeal is not destroyed by the death of the party. § 2-403, Burns' 1933.

In perfecting the appeal, however, it is necessary that the proper persons be substituted before further proceedings can be had. Our statute provides:

"The death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, upon consent or upon notice, the cause may proceed." § 2-3216, Burns' 1933.

The rule is well established that if the death of one of the parties to the judgment occurs after the rendition of the judgment and before the appeal is perfected, a substitution of parties must be made before the appeal can be perfected. This sub-

stitution can only be made in such cases in the trial court. As this court has said: "The trial court alone has the power to substitute parties after the rendition of judgment, and before the appeal is completed." *Clark* v. *Attica Building and Loan Assn.* (1935), 100 Ind. App. 566, 568, 197 N. E. 684; *Sindlinger* v. *Mitchell* (1933), 97 Ind. App. 296, 186 N. E. 347. It follows, therefore, that upon the death of William W. Stoup, a proper application to substitute his heirs at law or personal representative must be filed in the trial court before the appeal could be perfected. Such an application was filed and a substitution was ordered, but this was done without notice and without the consent of the said Clyde Stoup.

A question, similar to the one at bar, was before this court in the case of *Helms* v. *Cook* (1915), 58 Ind. App. 259, 263, 108 N. E. 147. The court said:

"It is fundamental that a party claiming the benefit of a statute must bring himself within its provisions. Appellants rely on the statute which authorizes substitution, but have failed to comply with the provision which authorizes substitution only upon notice, or by consent of the adverse party or parties. *Pabst Brewing Co.* v. *Shuster* (1914), 55 Ind. App. 375, 103 N. E. 950; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147; *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535. The term of court having passed at which the judgment was rendered and the appeal granted, it would seem that on general principles of jurisprudence, aside from the statute, the adverse party should have had notice before the record was changed by the substitution of parties, or otherwise. But the statute is plain and those invoking it must comply with its provisions before they can claim the rights and benefits which it confers."

It is our opinion, therefore, that the appellant has failed to obtain a legal substitution for lack of the notice

required by statute, since the said William W. Stoup died before this appeal was perfected, and since the trial court under such circumstances was the only court wherein substitution could be made. It follows, therefore, that the appellant has not taken all the steps necessary to authorize an appeal; and this court accordingly has acquired no jurisdiction over the person of Clyde Stoup.

For lack of jurisdiction, the motion to dismiss is sustained; and this appeal is dismissed at the cost of the appellant.

NOTE.—Reported in 35 N. E. (2d) 112.