AMERICAN TRUST & SAVINGS BANK, EXECUTOR ETC.
*v.* GRIPP.

[No. 18,775. Filed March 12, 1956. Rehearing denied April 17, 1956. Transfer denied November 15, 1956.]

*Andrew M. Kozacik,* of Whiting, *Owen M. Crumpacker, Theodore M. Gemberling, Powell E. Enslen,* and *Crumpacker & Schroer,* all of Hammond, for appellant.

*John L. Podreskey* and *Willard B. Van Horne, Jr.,* of East Chicago, for appellee.

ROYSE, C. J.—The record in this case discloses the following facts: Appellant's decedent brought this ac-

tion against appellee (who was decedent's daughter) to have a trust impressed on certain real estate in Lake County, which real estate was in the name of appellee.

Trial in the Superior Court of Lake County resulted in judgment in favor of appellee on February 7, 1955. On March 8, 1955 decedent filed his motion for a new trial. On June 17, 1955 the trial court overruled the motion for a new trial. On July 1, 1955 decedent died. On September 13, 1955 there was filed in the office of the clerk of said Superior Court on behalf of decedent a praecipe, which is in part as follows:

"TO: BARTEL ZANDSTRA, CLERK OF THE LAKE SUPERIOR COURT ROOM No. 1.
You are hereby requested and directed to prepare and certify to a full, true and complete transcript of the entire record in the above captioned cause, including all pleadings and papers on file, and all order book entries except, however, that you may include in said transcript without copying, the original bill of exceptions filed in the office of the Clerk of the Lake Superior Court Room No. 1, on the 13th day of September, 1955, said transcript and record to be used by the plaintiff for an appeal to the Appellate Court of Indiana.

JOHN GAZDICH
By: Andrew M. Kozacik
Owen W. Crumpacker
Crumpacker & Schroer
Attorneys for Plaintiff"

Pursuant thereto said clerk did prepare such transcript on September 13, 1955, as is shown by his certificate.

On September 15, 1955 appellant filed its purported assignment of errors in this court. We quote the pertinent portion of this assignment:

"Comes now American Trust & Savings Bank, Executor of the Estate of John Gazdich, Deceased, and respectfully represents to the Court that; The motion for new trial filed by John Gazdich, the plaintiff below, was overruled on June 17th, 1955;

that the jurisdiction of the trial court in this cause terminated on June 17th, 1955, except for the statutory power of approving a bill of exceptions; that thereafter and on July 1st, 1955, the plaintiff in the action John Gazdich died a resident of Lake County, Indiana, and left his last will and testament appointing appellant as his executor; that by said last will and testament the claim hereinabove sued upon was devised to one Steve Gazdich, grandson; that in order to carry out the will of said John Gazdich, it is appropriate and necessary to prosecute this appeal in his stead; that the aforesaid last will and testament was duly admitted to probate in the Lake Superior Court Room No. 2, East Chicago, Indiana, on September 14th, 1955, and a copy thereof, together with a copy of the letters testamentary issued to appellant is attached hereto; that by virtue of the above your appellant is a proper party to these proceedings."

Thereafter appellant filed its brief in this cause.

Appellee has filed her motion to dismiss this appeal. This motion, after averring the facts hereinbefore set out, avers, in substance: That appellee or her attorneys were never served with any notice for the substitution of said appellant in place of decedent, either in the trial court or this court; that neither appellee nor her attorneys have ever consented to such substitution; that the purported assignment of errors contains no allegation of any notice having been served on her or her attorneys; that said purported assignment of errors alleges that under the will of decedent the sole devisee was one Steve Gazdich and he has not been substituted as a party appellant notwithstanding his interest as such devisee in the subject-matter of this action; that the time for perfecting an appeal in this cause has long since expired, and the alleged appellant has not properly perfected an appeal in this cause; that the praecipe is not a valid praecipe, as the attorneys who signed the same for and on behalf of John Gazdich were without

authority to act for and in behalf of him, as it is shown by the purported assignment of errors that he died July 1, 1955; that within the time allowed by statute for an appeal of this cause there was not a proper praecipe filed in the office of the clerk of said Superior Court and therefore the record and bill of exceptions is not before this court; that this court is without jurisdiction to hear this appeal because of the failure to properly follow the statutes for the substitution of parties.

Section 2-3215, Burns' Statute (1946 Replacement), provides:

> "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment."

Section 2-3216 provides: "The death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, *upon consent or upon notice,* the cause may proceed." (Our emphasis)

In construing this statute in the case of *Helms et al.* v. *Cook* (1915), 58 Ind. App. 259, 108 N. E. 147, this court, in a well-reasoned opinion supported by many authorities, said, in part, at pages 262 to 264:

> "In the case at bar there was an attempted substitution of the heirs of Elva A. McDonald, deceased, at a term subsequent to that at which the judgment was rendered, the appeal granted and the bond filed. Appellants do not claim that any notice was given appellee or that she appeared in the proceedings for substitution but contend that notice was not necessary. It is fundamental that a party claiming the benefit of a statute must bring himself within its provisions. Appellants rely on the statute which authorizes substitution, but have failed to comply with the provision which authorizes substitution only upon notice, or by consent of

the adverse party or parties. (Authorities) The term of court having passed at which the judgment was rendered and the appeal granted, it would seem that on general principles of jurisprudence, aside from the statute, the adverse party should have had notice before the record was changed by the substitution of parties, or otherwise. *But the statute is plain and those invoking it must comply with its provisions before they can claim the rights and benefits which it confers.*

"There seems to be some room for contention as to where the jurisdiction lies for the purpose of substitution of parties after judgment and before the transcript and assignment of errors are filed in the appellate tribunal. The statute does not definitely settle the question but the weight of authority on analogous questions leads to the conclusion that the jurisdiction of the trial court may be invoked on proper notice, or by consent, at any time before the appeal is perfected by the filing of the transcript and assignment of errors, and the giving of notice when necessary. (Authorities). It has been decided many times that neither of our courts of last resort acquires jurisdiction of an appeal until all the steps required by the statute authorizing the appeal have been taken in conformity therewith, including the filing of the transcript and the assignment of errors. (Authorities). It follows therefore that the trial court may have done all that is necessary to authorize an appeal, and *for failure of the appellants to take the necessary steps thereafter, the court to which the appeal is granted may never acquire jurisdiction of the appeal."* (Our emphasis).

In the case of *Clark et al.* v. *Attica Building and Loan Association et al.* (1935), 100 Ind. App. 566, 197 N. E. 684, where the facts were quite analogous to those in this case, it is stated:

"That the appellants and appellees named herein were all of the parties plaintiff and defendant of record in the court below except William Zeigler who died since the rendition of the judgment in the court below; that Zula M. Zeigler is the sole

and only heir at law of William Zeigler, deceased, and that Zula M. Zeigler, Executrix of the Last Will and Testament of William Zeigler, deceased, is the personal representative of said decedent under an order of appointment of the Probate Court of Los Angeles County, California, and that the said Zula M. Zeigler is the sole and only legatee and devisee under the will of said decedent, William Zeigler."

This court, in dismissing the appeal, said:

"This is, in effect, an attempt to have this court substitute parties on appeal before the appeal is perfected, without filing a petition for such substitution. It has been held repeatedly by this court and our Supreme Court that this court and the Supreme Court do not have jurisdiction of cases on appeal until a transcript and a proper assignment of errors is filed. See *Helms* v. *Cook* (1914), 58 Ind. App. 259, 108 N. E. 147; *Moore* v. *Slack et al.* (1894), 140 Ind. 38, 39 N. E. 237. The trial court alone has the power to substitute parties after rendition of judgment, and before the appeal is completed. *Helms* v. *Cook, supra.* See also *Sindlinger* v. *Mitchell* (1933), 97 Ind. App. 296, 186 N. E. 347.

"William Zeigler having been a necessary party to this appeal, he having died before the appeal was completed, and no substitution having been affected, the appeal should be dismissed."

*Stoup* v. *Stoup* (1941), 109 Ind. App. 618, 35 N. E. 2d 112, follows the rule in the foregoing cases asserting where death occurs before appeal is perfected substitution must be made pursuant to statute in the trial court.

Appellee contends the above statute has been amended by Rule 2-3, Rules of the Supreme Court, which abolished the necessity of notices and distinctions between term time and vacation appeals. The pertinent portion of this rule is as follows: "*All parties to the record in the trial court* shall be parties on appeal without further notice." (Our em-

phasis). In this case the appellant was not a party to the record in the trial court. That was the situation in the case of *Stoup* v. *Stoup, supra,* after Rule 2-3 was adopted.

The appellant also relies on the case of *Union Traction Company* v. *Basey et al.* (1904), 164 Ind. 249, 73 N. E. 263, where appellees' petition to dismiss was overruled. In that case the assignment of error alleged:

> "that it is a street railroad corporation of the State of Indiana, created by consolidation of Indianapolis Northern Traction Company, named in the within judgment and proceedings, and Union Traction Company of Indiana, both street railroad corporations of the State of Indiana, and by virtue of such consolidation has succeeded to all rights, titles and estates of said Indianapolis Northern Traction Company in and to the subject-matter of said judgment and proceedings."

It seems to us the question before the Supreme Court in that case was clearly distinguishable from the question herein. There was no substitution of parties in that case. There was only a change of name and the assignment of error showed the reason therefor. It was analogous to a situation where an unmarried woman was a party to litigation in the trial court and after judgment but before submission to the Appellate tribunal was married. Certainly it could not be contended she was not a party to the judgment. But in this case appellant was not a party to the judgment.

It seems clear to us that under the foregoing authorities the substitution of a proper party appellant should have been made in the trial court.

Furthermore, on the authority of the cases of *Rich Grove Township et al.* v. *Emmett et al.* (1904), 163 Ind. 560, 72 N. E. 543, and *Hurst et al.* v. *Hawkins, Guardian* (1907), 39 Ind. App. 467, 79 N. E. 216, it appears Steve Gazdich as sole devisee of decedent should have been made a party to this action in the trial court.

Likewise, under authority of the case of *Elliott* v. *Kern, Receiver, et al.* (1929), 90 Ind. App. 453, 461, 462, 161 N. E. 662, 169 N. E. 46, it appears this appeal was not properly initiated as required by Rule 2-3, Rules of the Supreme Court.

While we always prefer to decide cases on their merits, we may not do so where, as here, there is not a proper and necessary party appellant.

Appeal dismissed.

Crumpacker, J., not participating.

Kelley, J., having previous knowledge of this action, not participating.

NOTE.—Reported in 132 N. E. 2d 711.

Transfer denied: *Per curiam* opinion, 138 N. E. 2d 9.