SCHLEICHER ET AL. *v.* GARY NATIONAL BANK.

[No. 20, 654. Filed October 23, 1967. Rehearing denied December 30, 1968. Transfer denied April 1, 1969.]

*Hodges, Davis, Gruenberg & Draper* and *Porter R. Draper*, both of Gary, for appellants.

*Gavit & Gavit*, of Gary, for appellee.

PER CURIAM.—This matter comes before this court on a series of motions and petitions filed by counsel by both the appellant and the appellees.

The pertinent motions for our consideration are:

1. The appellants' verified petition to amend the assignment of errors;

2. The appellants' petition to this court for an order to the Clerk of the Porter Superior Court to correct the certificate to the transcript;

3. The appellee's response to these petitions.

We conclude that the appellants' petition to amend the assignment of errors should be denied and that as a necessary consequence, the succeeding petitions filed by the appellants should be denied.

Under Rule 2-6 of the Rules of the Supreme Court of the State of Indiana, and the cases decided thereunder, the amendment to the assignment of errors herein requested is not permitted since it would bring into the record a person who was not a party to the judgment below and who was not brought into the case by the trial court prior to entering judgment. This was no fault of the trial court since a petition was not filed for leave to substitute the party at the trial level. This court has no authority to order the Clerk of the Superior Court to correct the certificate to the transcript when it would be causing the record to show a fact which did not exist at the trial level.

In the case of *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, at page 496, 158 N. E. 2d 296, this court said:

> "The provision of Rule 2-6, Rules of the Supreme Court, that 'Failure properly to name parties will not be treated as jurisdictional.' has no reference to an omission to name a party as appellee in the assignment of errors. *Baugher et al.* v. *Hall, Receiver, etc., supra.* To hold that the right to amend the assignment of errors upon the permission of the court under the rule includes the right to bring in and name a new or additional party appellant or appellee after the expiration of the time provided for the filing of the assignment of errors, could lead only to such confusion and uncertainty that Rule 2-2 and Rule 2-6 would in some cases be rendered meaningless, and the time of attachment of jurisdiction of the Supreme Court or of this court would be placed in doubt."

Also in the case of *Stoup* v. *Stoup* (1941), 109 Ind. App. 618 at page 622, 35 N. E. 2d 112, this court in quoting from

*Clark* v. *Attica Building and Loan Assn.* (1935), 100 Ind. App. 566, 568, 197 N. E. 684, said:

> 'The trial court alone has the power to substitute parties after the rendition of judgment, and before the appeal is completed.'

For the reasons above set out, the appellants' petition to amend the assignment of errors is denied as are the other petitions heretofore set out in this opinion.

Petitions denied.

Pfaff, C. J., not participating.

Cook, Cooper, JJ., not participating.

NOTE.—Reported in 230 N. E. 2d 444.