No. 17,309.

## HUTTS ET AL. *v.* MARTIN.

141 701
145 331
141 701
159 373
159 421

APPEAL.—*Dismissal.*—*Supreme Court Practice.*—*Assignment of Errors.* —*Defect of Parties.*—If an assignment of errors fail to contain the names of all the parties affected by the judgment appealed from, the assignment is defective, and the appeal will be dismissed.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellants.

*G. W. Paul* and *M. W. Bruner,* for appellee.

HOWARD, C. J.—An examination of the record and briefs before us would seem to lead to the conclusion that this case had been carefully tried and a correct judgment rendered.

We are first met, however, with a motion to dismiss the appeal, several reasons being given, one that the assignment of errors does not name all the parties to the judgment.

Omitting those who filed disclaimers at the trial, there remained as parties to the judgment and decree the two plaintiffs and fourteen defendants. In the assignment of errors the plaintiffs are wholly omitted, as are also ten of the defendants. Three defendants only are made appellants, and one appellee.

In the final judgment the court, after making partition of the real estate to the plaintiffs and certain of the defendants, subject to liens in favor of parties named, decreed that "all other defendants in said complaint have no title, claim or interest whatever in said real estate."

In *Snyder* v. *State, ex rel.,* 124 Ind. 335, MITCHELL, J., citing authorities and referring to the sixth rule of this court, that "the assignment of errors shall contain the full names of the parties," said: "The assignment of errors is the appellant's complaint, and the only parties before

this court, or over whom it acquires jurisdiction, are those whose names appear therein.''

It is true that parties who do not wish to appeal may decline to do so, and their names will be considered as stricken from the assignment of errors.

But in the case before us none of the omitted parties have declined to join in the appeal. Their rights are certainly involved. In favor of some of them title was awarded to parts of the real estate, while against others title was quieted. The merits of the appeal could not be passed upon without having all these parties before the court. See *Gourley* v. *Embree*, 137 Ind. 82; *Bozeman* v. *Cale*, 139 Ind. 187; Elliott App. Proced., sections 322 and 401, and authorities cited.

The appeal is dismissed.

Filed Sept. 18, 1895.