## COLLINS ET AL. *v.* STATE OF INDIANA.

[No. 8,532.   Filed May 29, 1913.]

1. APPEAL.— *Assignment of Errors.— Form.— Sufficiency.*— An assignment of errors which does not contain the full names of all the parties, or which contains the name of the appellee before the abbreviation "vs." in the title of the cause, instead of that of the appellant, is not in compliance with the rules of court and is insufficient.   p. 489.

2. APPEAL.—*Determination.—Parties.*—An appeal cannot be determined on its merits, unless the parties to the judgment appealed from are before the court.   p. 489.

3. APPEAL.—*Jurisdiction.—Assignment of Errors.*—The assignment of errors is the appellant's complaint, and jurisdiction is acquired only over the parties whose names appear therein.   p. 489.

From Juvenile Court of Marion County (7036a); *Newton M. Taylor,* Judge.

Prosecution by the State of Indiana against Samuel Collins and others. From a judgment of conviction, the defendants appeal. *Appeal dismissed.*

*W. S. Henry,* for appellants.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ADAMS, C. J.—The amended assignment of errors in this appeal is entitled *"State of Indiana vs. Samuel Collins, et al."* This is an insufficient assignment. Rule 6 of

1. this court requires that "the assignment of errors shall contain the full names of all the parties." This rule was not observed, nor was the general rule of appellate procedure, which requires the names of appellants to be written before the abbreviation "vs." and the names of appellees after said abbreviation, instead of the reverse, as was done in this case. *Barnett v. Bromley Mfg. Co.* (1898), 149 Ind. 606, 49 N. E. 160.

A cause cannot be determined on its merits unless the parties to the judgment appealed from are before the court.

2. *Big Four Bldg., etc., Assn. v. Olcott* (1896), 146 Ind. 176, 45 N. E. 64; *Barnett v. Bromley Mfg. Co., supra.* The assignment of errors in this court constitutes the appellant's complaint, and the court only acquires

3. jurisdiction over the parties whose names appear therein. *Snyder v. State, ex rel.* (1890), 124 Ind. 335, 24 N. E. 891; *Bozeman v. Cale* (1894), 139 Ind. 187, 35 N. E. 828; *Hutts v. Martin* (1895), 141 Ind. 701, 41 N. E. 329; Thornton, Ind. Prac. Code §655 n. 1; Elliott, App. Proc. §§300, 322; Ewbank's Manual §§126, 226.

The appeal is dismissed.

NOTE.—Reported in 101 N. E. 1022. See, also, under (1) 2 Cyc. 985; (2) 2 Cyc. 756; (3) 2 Cyc. 980, 985. For a discussion of "et al." in the place of names in process, pleading, etc., see 14 Ann. Cas. 571.