## In re Miller.

[No. 24,084.    Filed June 3, 1924.]

1. Habeas Corpus.—*Parties to Proceeding.—Appeal.*—When *habeas corpus* is brought against a public officer who is alleged to have the custody of the petitioner, the officer is a party to the proceeding, and should be made a party on appeal.    p. 607.

2. Appeal.—*Necessary Parties.—Habeas Corpus.—Dismissal of Appeal.*—A public officer against whom an action of *habeas corpus* is directed is a party to the proceeding, and should be made a party on appeal therefrom; on appeal by the petitioner, the officer must be made an appellee or the appeal will be dismissed.    p. 607.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action in *habeas corpus* by Ben Miller against Elmer Vrooman, the sheriff of Wabash county.    From a judgment denying the writ, the petitioner appealed to the Appellate Court.    (Transferred to the Supreme Court under §1397 Burns 1914.)    *Appeal dismissed.*

*Q. E. Milliner,* for appellant.

Gause, J.—The petitioner, Ben Miller, filed his petition in the court below alleging that he was unlawfully restrained of his liberty by Elmer Vrooman, the sheriff of Wabash county, by virtue of a pretended judgment of the city court of Wabash, Indiana, and said petition then sets out wherein it is claimed said restraint is illegal.

A writ was issued directed to said Elmer Vrooman to produce said petitioner in court at a designated time. Said sheriff filed a return to said writ setting forth his alleged authority for holding the petitioner.    Upon a trial, there was a finding and judgment against the petitioner and that the writ be denied.    From such judgment, said petitioner prosecutes this appeal.

In this appeal, said petitioner has not named any person as appellee.    The title, in his assignment of errors,

is as follows: "In the matter of the petition of Ben Miller for a writ of habeas corpus."

The sheriff, who was alleged to have the custody of the petitioner, was charged with illegally restraining him of his liberty. The action was brought to 1. remedy this alleged wrong. Such officer claimed the right, by virtue of process, to imprison the petitioner. In such a case, the officer was a party. He is a proper party on appeal. *Nichols* v. *Cornelius* (1856), 7 Ind. 611; *Yudkin* v. *Gates* (1891), 60 Conn. 426, 22 Atl. 776; *State, ex rel.*, v. *Huegin* (1900), 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700.

Rule six of this court requires that the assignment of errors shall contain the full names of all parties to the judgment.

All the parties to the judgment appealed from not being before the court, the cause cannot be determined. *Big Four Bldg.*, *etc.*, *Association* v. *Olcott* 2. (1896), 146 Ind. 176; Ewbank's Manual §§126, 149.

The appeal is dismissed.