EX PARTE FENNIG ET AL., EX PARTE WHIPPLE

[No. 27,207. Filed December 7, 1939. Rehearing denied January 2, 1940.]

*Clarence E. Benadum, J. Gordon Meeker,* and *O. A. Pursley,* for appellant.

*Embree & Hall,* and *Omer S. Jackson,* Attorney General, and *Glen L. Steckley,* Deputy Attorney General, for the State.

SWAIM, J.—This is an appeal from a judgment of the Adams Circuit Court finding the appellant, Tod Whipple, guilty of criminal contempt of said court, fixing his fine, payable to the State of Indiana, in the sum of $100.00 and sentencing him to the Adams County jail for a period of thirty days.

The contempt of which the appellant was found guilty consisted of certain defamatory and contemptuous statements made by the appellant concerning the official acts of one Henry Kister, who was at the time acting as special judge in cause numbered 12646 then pending in the Adams Circuit Court, entitled "William Fennig et al., Ex Parte, Petition for Drainage." The statements were made in pleadings prepared and filed by said appellant in said cause. The contempt proceedings were not docketed separately in said court but all entries in

regard thereto, including the judgment, were entered under the caption and title of said drainage proceedings.

The appellant for his assignment of errors in this court used the following caption, "William Fennig, et al. Ex Parte, Petition for Drainage. Tod Whipple, Ex Parte, Appellant." The appellant named no appellee in such assignment of errors.

The said Henry Kister and one Homer Teeters, commissioner of construction in said drainage proceedings, concerning whom defamatory statements were also made by appellant, designating themselves "properly appellees herein" have filed their motion to dismiss this appeal for the reason that their names were not contained in the assignment of errors as appellees. They also filed briefs in support of their motion to dismiss and briefs on the merits of the case.

The omission of the names of Henry Kister, special judge, and of Homer Teeters, commissioner of construction, from the assignment of errors was not an error on the part of the appellant and, therefore, is not a ground for dismissing the appeal. This was a case of criminal contempt and should not have been either instituted or maintained for the benefit of these two individuals. They were not, in any sense of the word, parties to the judgment appealed from. The fact that the appellant may have made contemptuous remarks and sought to injure them as individuals is no reason for making them parties to this appeal. The offense of the appellant was against the state. If said Kister and Teeters have been injured as individuals they have appropriate civil remedies for redress. In any appeal from a conviction for a crime the State of Indiana is the only proper appellee, and this is also true of an appeal from a judgment for criminal contempt.

The said Kister and Teeters filed their said motion to dismiss this appeal, the briefs in support thereof and their briefs on the merits without being parties to this appeal and without obtaining leave of the court to file such briefs. The court on its own motion, therefore, orders said motion to dismiss filed by said Kister and Teeters, the briefs which they filed in support thereof and the briefs which they filed on the merits in this case all stricken from the record.

The State of Indiana, by the attorney general, has filed herein a petition to be made a party appellee for the sole purpose of filing a motion to dismiss this appeal, which motion to be made a party has heretofore been granted by this court. The motion of the State of Indiana to dismiss this appeal is based on the fact that the state has not been made an appellee in this appeal, and that the time has now elapsed for taking the appeal and, therefore, for amending the assignment of errors to make the State a party appellee.

The judgment herein was rendered January 5, 1939, and on the same day the motion for new trial was over-ruled. The appellant, on March 16, 1939, filed in this court a transcript of the proceeding below. Since it has now been more than ninety days since the date of the judgment and the ruling on the motion for new trial the time for taking an appeal by the appellant has expired. Rule 1 of the Supreme and Appellate Courts as adopted June 21, 1937. It has been held by this court that where the assignment of errors has omitted naming a necessary appellee the Supreme Court does not acquire jurisdiction over the appeal and may not, after the expiration of the time for an appeal, permit such additional appellee to be named. *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707, *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552.

The assignment of errors is the appellant's complaint in this court and must include, as appellees, the names of all parties who were parties to the judgment appealed from and whose interests therein were adverse to the appellant. This court has no jurisdiction over any such party who is not made an appellee by the appellant in the assignment of errors and such lack of jurisdiction precludes this court from deciding the appeal on its merits. Rule 7 of the Supreme and Appellate Courts; *Big Four B. & L. Assn.* v. *Olcott* (1896), 146 Ind. 176, 45 N. E. 64; *National Home Bldg. Assn.* v. *Huntsinger* (1898), 150 Ind. 702, 50 N. E. 381; Ex Parte Sullivan (1900), 154 Ind. 440, 56 N. E. 911; In Re Miller (1924), 194 Ind. 606, 144 N. E. 36; *Collins* v. *State of Indiana* (1913), 53 Ind. App. 488, 101 N. E. 1022; *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139, 103 N. E. 365; *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 192 N. E. 760.

The judgment against the appellant herein included a fine for $100.00 payable to the State of Indiana. This fact in itself would make it necessary to make the State of Indiana an appellee in this appeal. Rule 7 *supra.* It may also be said, however, that in any case of criminal contempt the State of Indiana is an interested party and should be named as appellee in an appeal from a judgment finding one guilty of such criminal contempt.

A proceeding for criminal contempt is in the nature of a criminal action against the accused person. § 3-907 Burns, 1933, § 884 Baldwins, 1934, after setting out certain provisions regarding judgments in cases of criminal contempt and motions for a new trial therein, provides "and, if the court shall thereupon overrule such motion, the defendant may except and file a bill of exceptions, *as in other criminal actions;* and in all

cases, an appeal shall lie thereupon to the Supreme Court: . . . " (our italics). In § 3-911 Burns', 1933, § 879 Baldwins, 1934, it is provided that in cases of indirect criminal contempt when choosing a judge to try the accused the regular judge shall submit a list of three names "to the parties in the action, from which the state of Indiana, by the prosecuting attorney, and the defendant, shall immediately strike off one of such names each." In the case of *Denny* v. *State* (1932), 203 Ind. 682, 706, 182 N. E. 313 the court said "that the information for a criminal contempt should be entitled State of Indiana, v. the defendant and filed as an independent action and prosecuted by the State." Any criminal contempt which tends to bring the court into disrepute or which interferes with the process and proceedings of said court is an offense not against any individual but against the state and in any action charging such a criminal contempt or in an appeal from a conviction for said criminal contempt the State of Indiana is not only a proper party but a necessary party.

The fact that the judgment against the appellant herein was incorrectly entered on the records of the trial court as an entry under the title of the drainage proceedings does not excuse the appellant from making the State of Indiana a party to this appeal.

Since appellant has not made the State of Indiana a party to this appeal, the appeal can not be considered on its merits.

The appeal is dismissed.