LEVICK *v.* HUGHLETT

LEVICK *v.* STATE OF INDIANA

[No. 28,208. Opinion Dismissing Appeal as to Plaintiff and Substituting the State as Appellee Filed October 17, 1946. Opinion on Merits Filed November 26, 1946.]

*Ireland, Denton &.Fish,* of Evansville, for appellant.

*French Clements,* of Evansville, for appellee Hughlett, *James A. Emmert,* Attorney General, *Frank E. Cough-lin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

### Opinion Dismissing Appeal as to Plaintiff and Substituting State as Appellee

RICHMAN, J.—Upon appellee's petition in the nature of an information appellant was ordered to appear March 5, 1946, and show cause why he should not be punished for contempt in failing to make and apply on a judgment certain payments theretofore ordered by the court. He did not appear but had an attorney pres-

ent whose request to file an affidavit for change of venue from the judge was denied and a bench warrant was then issued for appellant's arrest. Three days later both parties and their attorneys being present in open court appellee dismissed her petition and appellant filed an answer showing payment of the judgment in full. Appellant was then called to the witness stand by the judge and under oath, evidently in response to the judge's question, testified that he did not appear March 5 because he thought it unnecessary since he had employed counsel. Without further ado he was adjudged in contempt for failing so to appear and sentenced to serve 48 hours in jail. He perfected this appeal from that judgment. Now appellee moves to dismiss the appeal as to herself saying in substance that the record shows a judgment for criminal contempt in which she has no interest and that there is a defect of parties.

It is apparent from the record that the indirect civil contempt proceeding instigated by appellee was terminated and that the court thereafter of its own motion summarily ordered appellant to be punished for indirect criminal contempt. For the court's action appellee was not responsible nor is she interested in sustaining the judgment. We, therefore, see no good reason why as to her the appeal should not be dismissed, though she could not be harmed by the overruling of her motion since the liability for costs, which she seems to fear, could be avoided under this court's power to apportion costs.

Criminal contempt proceedings are usually and properly brought in the name of the State which is always a party in interest, though frequently it is not named in the title of the cause or the pleadings. Besides the trial judge who made the ruling assigned as error, the State alone is or may be concerned

in defending the judgment which appellant attacks. For that reason and also that this appeal be not converted into an ex parte proceeding, which casts an additional burden on this court, we think the State of Indiana should be substituted as appellee.

Since the 1943 Revision of our rules the "failure properly to name parties" in the assignment of errors has not been treated as jurisdictional. Rule 2-6. The appeal is not a new cause but merely a continuation of the cause below. Under Rule 2-3 we have the right to "order such notice to the parties in interest as the ends of justice may require."

To those ends, therefore, it is ordered that the State of Indiana be substituted as appellee in the place of the appellee named in the assignment of errors and that as to her the appeal be dismissed, the costs occasioned by this substitution and dismissal to be taxed against appellant. The Clerk will cause notice to issue to the Attorney General who is granted 30 days after the service of notice within which to file brief on the merits.

NOTE.—Reported in 69 N. E. (2d) 17.

### OPINION ON MERITS

RICHMAN, J.—On the 17th of October, 1946, upon her petition this cause was dismissed as to Cora Hughlett the appellee named in the assignment of errors and the State of Indiana was substituted as appellee with notice to the Attorney General. In the opinion then written, 69 N. E. (2d) 17, the facts sufficiently appear. The Attorney General has filed a response confessing error in that there was no compliance by the judge with § 3-908, Burns' 1946 Replacement which entitles a person charged with indirect con-

tempt to a rule, and notice thereof, alleging the facts constituting the specific charge in order that he may have an opportunity to purge himself before he is punished. In *Oakland Coal Co.* v. *Wilson* (1925), 196 Ind. 501, 149 N. E. 54, this section was said to be declaratory of the common law. It is a fundamental right of due process that one who is subject to punishment be informed of the charge and be given time to answer. Summary punishment for direct contempt is an exception to this rule. This was an indirect criminal contempt, § 3-903, and therefore § 3-908 is applicable.

Judgment reversed.

NOTE.—Reported in 69 N. E. (2d) 597.