BETTER TASTE POPCORN COMPANY, INC. *v.* DRAKE ET AL.

[No. 18,330.   Filed September 30, 1952.   Rehearing denied October 27, 1952.]

*Johnson, Stewart & Austin,* all of Anderson, for appellant.

*Grace B. DeArmond* and *Lawrence Booram,* both of Anderson, for appellee.

ROYSE, P. J.—Appellee Drake commenced this action by filing his complaint against appellant for money

due pursuant to the terms of a contract whereby appellant agreed to purchase ten acres of popcorn grown by said appellee for $5.00 per hundred pounds. Appellant answered the complaint pursuant to the rules of the Supreme Court. At the conclusion of appellee's evidence he was granted permission to amend his complaint to conform to the evidence. Hearing of evidence was concluded on the 24th day of July, 1951. On the 25th day of September, 1951, the petition of Edna C. Haven to intervene was granted. Her answer and cross-complaint alleged she was the owner of the real estate on which the popcorn was grown; that appellee Drake was her tenant and that she was entitled to one-half the amount of any judgment awarded appellee Drake. To this answer and cross-complaint said appellee filed an answer admitting the allegations thereof and averring he made no objection to the court awarding said Edna C. Haven one-half interest in any judgment the court granted. Appellant did not object to the petition to intervene, nor did it file an answer within the time allowed by the court to file its answer and cross-complaint. On the 26th day of October, 1951, the trial court entered judgment against appellant in favor of appellee Drake and Edna C. Haven for $1,435.50.

From that judgment appellant has appealed to this court. The assignment of errors here is as follows:

1. The decision of the court is contrary to law.

2. The decision of the court is not sustained by sufficient evidence.

3. The court erred in refusing to permit the defendant to file its answer and cross-complaint.

4. The court erred in permitting the filing of the petition of Edna C. Haven to intervene, after the evidence had been heard and the court indicated his find-

ings, all of which was objected to by the defendant at the time of the filing of the petition by Edna C. Haven.

On August 7, 1952, after appellant filed its brief, appellee Drake filed his motion to dismiss or affirm the decision of the trial court. This motion contains nine specifications, but in view of the conclusion we have reached, it is necessary to consider only three of these specifications.

In its assignment of errors in this court the appellant did not name Edna C. Haven as a party appellee, although she was a party to the judgment in the trial court. Appellee Drake contends, therefore, this court does not have jurisdiction of said Edna C. Haven. There is no merit to this contention. The failure to properly name parties is not jurisdictional. Rules 2-3, 2-6, Rules of the Supreme Court of Indiana; *Indiana Department of State Revenue, Inheritance Tax Division* v. *Mertz, Excr.* (1949), 119 Ind. App. 601, 605, 88 N. E. 2d 917; *Levick* v. *Hughlett* (1946), 224 Ind. 561, 564, 69 N. E. 2d 17. It is therefore ordered that Edna C. Haven be named an appellee in this case.

The first two specifications are not proper as independent assignments of error. Such question must be presented under an assignment that the trial court erred in overruling the motion for a new trial. Therefore, no question is presented as to these matters.

In its brief appellant does not refer to the third assignment of error. Furthermore, an examination of the record fails to disclose that the trial court refused to permit appellant to file an answer and cross-complaint.

Appellant in its brief contends the trial court erred in permitting Edna C. Haven to intervene without first

setting aside the submission of this cause. As heretofore indicated, appellant did not object in the trial to this procedure. Furthermore, as stated in appellee Drake's motion to dismiss or affirm, appellant was not and could not have been injured by this action. The question presented by answer and cross-complaint was soley between the appellees herein and did not in any manner affect appellant's rights.

For the reasons stated herein, the judgment is affirmed.

Achor, C. J., not participating.

NOTE.—Reported in 107 N. E. 2d 801.