BAUGHER ET AL. *v*. HALL, RECEIVER, ETC.

[No. 29,518. Filed January 31, 1958. Rehearing denied March 13, 1958. Petition to Set Aside Decision Dismissing Appeal Denied April 3, 1958.]

*George M. Bowser,* of Warsaw, for appellants.

*Donald Vanderveer* and *Rockhill, Vanderveer, Kennedy & Lee,* of Warsaw, for appellee.

PER CURIAM.—When this appeal was received by this court on transfer it was entitled "In the Matter of the Receivership of the Joyner Corporation. Lois Baugher et al., Appellants v. W. Robert Hall, Receiver of the Joyner Corporation, Appellee." An estate, a receivership, a trusteeship are not parties to the judgment in the lower court because they are not legal entities. A trust is represented

by the fiduciary, who is the party to the judgment. See *Carr* v. *Schneider's Estate* (1943), 114 Ind. App. 149, 150, 51 N. E. 2d 392; *Dallam* v. *Stockwell's Estate* (1904), 33 Ind. App. 620, 71 N. E. 911. Such nomenclature can lead parties into appellate error in drafting and filing a proper assignment of errors. On February 26, 1957, this court ordered the Clerk to strike from the title of the appeal "In the Matter of the Receivership of the Joyner Corporation."

However, this is not the end of the difficulty, for there was no amendment sought or made within time to the assignment of errors, which reads as follows:

> "IN THE MATTER OF THE RECEIVERSHIP OF THE JOYNER CORPORATION
>
> "The Appellants, being Lois Baugher and all other movants named and set forth in Appellants' motion for new trial appearing at pages 144 to 149, inclusive of the transcript, assign as error that:
>
> "The Court erred in overruling Appellants' several motion for new trial, the ground of which motion is that the decision of the Court in the claim of each Appellant is contrary to law. (Tr. pp. 150 and 155.)"

Before the 1943 amendment of Rule 2-6 a failure to name in the assignment of errors all parties to the judgment below was jurisdictional, and this court acquired no jurisdiction of the subject matter of the appeal. "It has been uniformly held by this court that where an appellant fails to name, as appellees, all parties to the judgment who have an adverse interest to the appellant, this court does not acquire jurisdiction of the appeal. *Keiser* v. *Howard, supra; Ex Parte Fennig et al., Ex Parte Whipple* (1940), 216 Ind. 298, 23 N. E. 2d 678. This

is a requirement which, of course, cannot be waived nor modified by this court. *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552." *Hayes* v. *Adams* (1943), 221 Ind. 480, 482, 49 N. E. 2d 345. As to appellants, see *In re Wiles, In re Gibbs* (1935), 208 Ind. 271, 195 N. E. 572. The 1943 revision of the Rules (effective September 6, 1943) provided that failure to *properly* name a party was not jurisdictional. The parts of Rule 2-6 material to this opinion now provide as follows:

> "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. Assignment of cross-errors shall use the same title, but immediately thereafter shall designate the parties seeking relief and those against whom relief is sought by assignment of cross-errors. Failure *properly* to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct." (Italics supplied.)

There have been a number of decisions in the Appellate Court construing the effect of the change, and one in this court. It is sufficient to note that considerable confusion has resulted in the interpretation and effect of failure to name parties on appeal, and the situation should now be clarified.

In *Allmon et al.* v. *Review Board, etc. et al.* (1953), 124 Ind. App. 212, 215, 116 N. E. 2d 115, we find an assignment of errors very similar to the one involved in the appeal at bar. The statement of the record and the holding of the Appellate Court follow:

> "On the page following the assignment of errors in the transcript is a page entitled, 'Title Page,' of which the caption, so far as the appellants are concerned, is as follows:

" 'PAUL J. ALLMON,
604 E. Locust St.,
Fort Branch, Indiana, et al.,
(for list of other appellants
see page IX of transcript),

APPELLANTS,'

"Thereafter, on the following page appears a mimeographed list of names stapled to the transcript.

"Under the rules, this title page does not constitute a part of the assignment of errors. Even if it were contended by counsel for appellant that it was a portion of the assignment of errors, it cannot be so considered for the reason that it is not signed.

"Rule 2-6 of the Supreme Court of Indiana, 1949 Revision, contains the following:

" 'In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interest of the appellants shall be named as appellees.'

Where the rule quoted says:

'Failure properly to name parties will not be treated as jurisdictional.'

refers to misspelling of names, initials or where incorrect given names are listed or other similar means of identification. It does not refer to where there is a total lack or failure on the part of those taking an appeal to name in the assignment of errors the proper party appellants."

The Allmon case, *supra*, by implication overruled *Ind. Dept. of State Rev.* v. *Mertz* (1949), 119 Ind. App. 601, 605, 88 N. E. 2d 917; *Better Taste Popcorn Co.* v. *Drake* (1952), 122 Ind. App. 696, 699, 107 N. E. 2d 801.

In *Levick* v. *Hughlett* (1946), 224 Ind. 561, 69 N. E. 2d 17, 597, this court took the liberty of substituting a party on appeal that was not a party to the proceed-

ings in the trial court. The appellee, Cora Hughlett, who was a judgment creditor, in a proceedings supplementary to execution, had obtained a judgment ordering the appellant to pay 10% of his income until appellee's judgment be paid in full. Appellee Hughlett then filed an affidavit for indirect contempt of court, and a rule to show cause had been served on appellant. Later, appellant paid the judgment in full, and appellee Hughlett filed a motion to dismiss her information for contempt. Appellant filed an answer of payment to the information. But the trial court, after a hearing, entered a judgment that appellant Levick was guilty of indirect contempt of court and sentenced him to jail for 48 hours, from which judgment appellant appealed. The prosecuting attorney had not filed any proceeding for criminal contempt, and the State was not made a party to the proceeding in the trial court. But the trial court treated the civil contempt proceeding as a criminal contempt, which was unsupported by the record.

"Since the case of *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, the law has been well settled in Indiana that a charge of civil contempt does not constitute a charge of criminal contempt." *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 619, 100 N. E. 2d 676. The judgment was void, and an aggrieved party may appeal from a void judgment. Flanagan, Wiltrout & Hamilton, Ind. Tr. & App. Practice, §2126, p. 8, and authorities therein cited. Cora Hughlett, plaintiff below, was a necessary party to the appeal. But this court ordered the State of Indiana to be substituted as appellee in her place and required the Attorney General to appear. He properly confessed error. This court had no jurisdiction whatever to make the State of Indiana a party to this appeal, since the State

of Indiana had no part in the institution of the proceedings in the trial court. Such practice can only result in appellate chaos, and *Levick* v. *Hughlett, supra,* is specifically overruled on its construction of the Rule. Rule 2-6 cannot authorize such procedure under any possible construction.

Amended Rule 2-6 still requires an assignment of errors. As we construe the rule, it does not dispense with the necessity of naming in the assignment of errors "all parties to the judgment seeking relief by the appeal" and "all parties to the judgment whose interests are adverse to the interests of the appellants." Rule 2-6 does not say "Failure to name parties will not be treated as jurisdictional." The word *"properly"* limits the application and effect of the new jurisdictional rule adopted. The ordinary meaning of "properly" is "Suitably; fitly; strictly; rightly; correctly"; Webster's New Int. Dict. (2d Ed.) Unabridged. It may be that Rule 2-6 should be further amended, but as it stands it is now the law of this jurisdiction on appeals, and we as well as the parties to the judgment in the trial court are bound by it.

The Receiver is not named at all in the assignment of errors. Only one party is named as appellant. The others cannot be brought in by reference to the transcript. In view of the well settled decisions before the 1943 amendment of Rule 2-6, neither this court nor the Appellate Court had jurisdiction of this appeal.

Appeal dismissed.

NOTE.—Reported in 147 N. E. 2d 591.