SWASEY ET AL. *v.* HUDSON LAKE RESORTS, INC. ET AL.

[No. 19,862. Filed March 1, 1965.]

676

*Nichols & Nichols,* of Knox, for appellant.

*Sallwasser & Sallwasser* and *Link, Link & France-schini, of LaPorte,* for appellees, Hudson Lake Resorts, Inc., Dorothy H. Smith, Vaughn Best, Ralph Parry, Clyde Bean, Dorland Smith and Gladys Holling.

HUNTER, J.—This appeal is brought by Dorothy Swasey, et al., certain stockholders in Hudson Lake Resorts, Inc., against the Hudson Lake Resorts Corp. and others.

Appellees Hudson Lake Resorts, Inc. and others have filed a motion to dismiss and a brief in support thereof which we have considered and conclude that said motion is well taken.

Appellants have named as a party appellee, "Alva Best", who was a party to this action. However, Alva Best died before judgment was entered in the trial court, and Florence Mae Best was appointed and qualified as administratrix of his estate before final judgment was entered.

Milton J. Sallwasser was a party to the judgment

who died after judgment was entered and before this appeal was filed. Sandra S. Rowe was appointed executrix of his estate before the appeal was filed. Yet, she is not named as a party in the assignment of errors.

Robert V. Ott was appointed receiver of Hudson Lake Resorts, Inc. in this action. Ott is a party to the judgment. However, he is not named as a party in the assignment of errors.

Since Robert V. Ott, Sandra Rowe, the executrix of Sallwasser's estate, and Florence Best, the administratrix of Best's estate are not named in the assignment of errors filed by appellants, appellees move that we dismiss this action.

The applicable portion of Supreme Court Rule 2-6 provides that:

> "In the title to the assignment of errors *all parties of judgment* seeking relief by the appeal shall be named as appellants, and *all parties to the judgment* whose interests are adverse to the interests of the appellants shall be named as apellees ... " (our emphasis)

Acts of 1881 (Spec. Sess.), ch. 38, §630, p. 240 being §2-3215, Burns' 1946 Replacement provides that:

> "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment."

It has long been the rule that if a party to a judgment dies after judgment and before the appeal is filed, the personal representative, or some proper representative, should be named in the assignment of errors, and when there is a failure to comply

with this requirement, this court has no jurisdiction. *LaPorte Land Co.* v. *Morrison* (1906), 167 Ind. 73, 78 N. E. 321; *American Tr. & Sav. Bank, Extr., etc.* v. *Gripp* (1956), 127 Ind. App. 76, 132 N. E. 2d 711.

Therefore, inasmuch as appellant has not substituted the administratrix of Alva Best as a party appellee, this court has no jurisdiction. Moreover, the failure to name as parties in the assignment of errors the executrix of Milton J. Sallwasser and the receiver, Robert V. Ott, both of whom are parties to the judgment, is in direct violation of Supreme Court Rule 2-6, *supra*, and thus there is further reason for lack of jurisdiction here. *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 176, 147 N. E. 2d 591; *McArdle* v. *Board of Zoning Appeals, etc.* (1960), 131 Ind. App. 5, 167 N. E. 2d 608.

Therefore, because all of the parties whose rights are sought to be adjudicated by this appeal are not properly before this court, this appeal should be dismissed.

Appeal dismissed.

Bierly, P. J., and Smith, J., concur.

Mote, J., not participating.

NOTE.—Reported in 204 N. E. 2d 666.