## NYE ET AL. *v.* KAMM ET AL.

[No. 20,345. Filed December 16, 1965. Rehearing denied March 11, 1966. Transfer denied December 6, 1966.]

*Jay E. Darlington,* of Hammond, for appellants.

*Gerald A. Kamm* and *Doran, Manion, Boynton & Kamm,* of South Bend, and *John J. Davie* and *J. Patrick Smith* of La-Porte, for appellees.

PER CURIAM.—This appeal is brought by plaintiffs below, who complain of the trial court's ruling in favor of defendant-appellees' plea in abatement against appellants' third amended complaint. Said complaint prayed for a discovery, inspection and accounting concerning a family trust, the management of which is in the control of the appellees.

Our purpose at this instance is not to decide the merits of the cause below, but merely to rule upon appellees' motion to dismiss appeal or in the alternative to affirm the judgment of the lower court.

We see the necessity to mention but two of the errors alleged in said motion—failure to cite authorities, as required by Rule 2-17, and failure to properly name party appellee as required by Rule 2-6 of the Supreme Court.

We feel that the motion has merit on both points and that it must be sustained.

The argument portion of appellants' brief does not cite authorities as required by Supreme Court Rule 2-17. However, we feel that the failure to properly name parties and substitute a representative for several of the named appellees, several of whom died after institution of the action below but prior to judgment, is fatal to this appeal inasmuch as the law is clear that such a failure precludes jurisdiction in the Appellate Court to entertain the appeal. *Swasey* v.

*Hudson Lake Resorts, Inc.* (1965), 136 Ind. App. 675, 204 N. E. 2d 666; *Chilcote* v. *Jordan* (1936), 210 Ind. 587, 4 N. E. 2d 186.

Rule 2-6 provides: "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees."

For the above reasons, the appeal is dismissed.

## ON PETITION FOR REHEARING

PER CURIAM.—On December 16, 1965, we handed down an opinion granting appellees' motion to dismiss an appeal in the above captioned action. At that time we based our dismissal upon the fact that several of the parties to the action below died prior to judgment, and their duly appointed representatives were not substituted, either as defendants below or as appellees on appeal. We cited as controlling a similar situation which occurred in *Swasey* v. *Hudson Lake Resorts, Inc.* (1965), 136 Ind. App. 675, 204 N. E. 2d 666, in which Judge Hunter, speaking for this court, held the above facts to constitute a violation of Supreme Court Rule 2-6 and further created a lack of jurisdiction in this court.

The reasoning in the Swasey case was based upon a long line of previous decisions which have interpreted that portion of Rule 2-6 which states: "Failure properly to name parties will not be treated as jurisdictional." —as referring only to those instances where a party's name was incorrectly listed to some degree; but not to situation in which a party was entirely omitted. *McArdle* v. *Board of Zoning Appeals, etc.* (1960), 131 Ind. App. 5, 167 N. E. 2d 608; *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591; *Allmon et al.* v. *Review Board ,etc. et al.* (1953), 124 Ind. App. 212, 116 N. E. 2d 115.

However, in their petition for rehearing, appellants have relied upon *Jasper & Chicago Mtr. Exp.* v. *Ziffrin Truck Lines*

(1961), 241 Ind. 643, 175 N. E. 2d 20, in which the Supreme Court said:

"We disapprove the statement in the opinion of the Appellate Court to the effect that the failure to name a party in the assignment of errors is jurisdictional."

In deference to words of the Supreme Court, we must agree that the Jasper case has modified the above mentioned treatment afforded the quoted portion of Rule 2-6, however, it should have no effect on our ultimate dismissal of this appeal inasmuch as the Supreme Court in Jasper, while disapproving the words indicating lack of jurisdiction, denied transfer saying:

"However, transfer is denied on the ground that after the appellant's attention was called to the defect in the parties named in the assignment of errors, no application or attempt was made to amend. . . ."

This reasoning applies equally to the facts in the present instance.

Petition denied.

NOTE.—Reported in 212 N. E. 2d 397. Rehearing denied 214 N. E. 2d 802.