JONES *v.* JONES AND KENNEDY[1]

[No. 269A30. Filed December 3, 1969. No petition for rehearing filed.]

---

1. Upon motion, appeal dismissed as to Jennie Lee Kennedy, appellee.

*John Hovanec,* of Gary, for appellants.

*Joseph J. Wasko, Ottenheimer & Silverman,* of East Chicago, for appellee.

HOFFMAN, J.—This appeal arose from the granting of an absolute divorce to appellant-Anna Jones, and the entry of a property settlement.

Anna Jones and Thessalonia Jones were married in Lake County, Indiana, in 1944. A child was born soon after the marriage and actual paternity was acknowledged by Mr. Jones. Immediately after the marriage they separated and never lived nor cohabited together as husband and wife.

Upon the death of Thessalonia's mother in 1967 he became the sole heir of certain real property. At about the same time Mr. Jones learned that he was a victim of terminal cancer. On June 18, 1968, Mr. Jones filed a complaint for annulment, later amended by interlineation to include a complaint for absolute divorce. On June 28, 1968, appellant-Anna Jones filed a cross-petition for separate maintenance, later amended by interlineation to include a complaint for absolute divorce.

On June 30, 1968, appellee-Jones, by warranty deed, conveyed the above mentioned real estate to Jennie Lee Kennedy. Appellant-Anna Jones did not join in the execution of said deed.

On August 22, 1968, this cause was submitted to the court, without the intervention of a jury, and after hearing evidence, the cause was continued for the submission of further evidence

until August 27, 1968, on which day the trial was concluded and the matter taken under advisement.

On September 7, 1968, judgment was entered granting appellant-Anna Jones an absolute divorce, a 1961 Rambler automobile and $500 cash. Appellant-Anna Jones was also ordered to execute a quit-claim deed to the real property inherited by appellee-Jones. Appellants then filed a motion for new trial.

The record discloses that on October 18, 1968, appellee's attorney, by motion, with death certificate attached, informed the court that appellee-Thessalonia Jones died on September 8, 1968.

On November 20, 1968, appellants' motion for a new trial was overruled, and this appeal followed.

On October 18, 1968, the fact that appellee-Thessalonia Jones died on September 8, 1968, became a part of the record in this cause while the same was pending on a motion for a new trial.

On appeal Jennie Lee Kennedy was named as an appellee. On July 31, 1969, upon motion of Jennie Lee Kennedy, she was dismissed as an appellee.

No substitution of parties was made or requested in this cause.

Rule 2-6, Rules of the Supreme Court of Indiana, provides, *inter alia,* that "[f]ailure properly to name parties will not be treated as jurisdictional."

However, after appellant's attention is called to the defect in the parties named and no application or attempt is made to amend, the appeal should be dismissed. *Nye* v. *Kamm,* 139 Ind. App. 687, 689-90, 214 N. E. 2d 802, 803 (1966), (Transfer denied); *Banta* v. *Banta,* 70 N. E. 2d 766, 118 Ind. App. 117 (1947).

Appeal dismissed.

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 595.