SARKINE AND ASSOCIATES, INC. *v*. BROWNSBURG STATE BANK, EXECUTOR ESTATE OF ELLA MERRITT, DECEASED, ET AL.

[No. 769S168. Filed February 2, 1970. Rehearing denied March 9, 1970.]

*Richard H. Crokin*, of Indianapolis, for appellant.

*Ryan, Lind & Deckard, Thomas J. O'Brien, Kendall Stevenson & Lewis*, and *Joseph Stevenson*, all of Danville, for appellees.

ARTERBURN, J.—The assignment of errors in this case is entitled "In the Matter of Estate of Ella Merritt, deceased." However, in the briefs and the motion to dismiss we find the title of the case as follows:

"IN THE
SUPREME COURT OF INDIANA
INTERLOCUTORY APPEAL FROM
HENDRICKS SUPERIOR COURT

SARKINE AND ASSOCIATES, INC.,
Appellant
vs.
BROWNSBURG STATE BANK, as
Executor of the Estate of
Ella Merritt, Deceased,
and
WILLARD ALLEN BROWN and
EILEEN V. BROWN,
Appellees

CAUSE NO. 769S168

Rule 2-6 states in part:

> "In the title to the assignment of errors all parties to the judgment seeking relief by appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellant shall be named as appellees . . . Failure properly to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct."

Technically, under numerous cases in this state, an appeal entitled as this appeal is subject to dismissal. We need only cite *Baugher* v. *Hall* (1958), 238 Ind. 170, 147 N. E. 2d 591. Originally we held that such a defect was jurisdictional. However, we have ameliorated this rule and have said that the appellant is entitled, upon application, to amend and show the proper adverse parties in the assignment of errors. Such an amendment has not been sought in this case. On that ground alone this so-called "appeal" is subject to dismissal.

The appellant has seen fit to entitle the briefs and pleadings in this case showing adverse parties. In referring to the parties in this opinion, we shall refer to them as designated in the briefs.

There are other reasons which we think should be given consideration that result in the same end. The appellant attempts to appeal from an order vacating the sale of real estate, which was confirmed by the trial court, with the appellant as a purchaser. The appellant claims it was not a party to the hearing and order under which the sale was vacated. However, the record shows that appellant did come into court and file an unverified petition to set aside the order vacating the sale to the appellant. A hearing was had thereon. In our opinion, the appellant made a voluntary appearance, was given his day in court and was heard. The court made a finding and order denying appellant's petition to set aside the order vacating the sale to appellant. In that hearing

the evidence showed that the executor on two occasions fixed a time and place for the closing of the sale and for the payment of the purchase money, by the appellant and the appellant failed to make payment of the purchase money on both occasions. Appellant was unable to tender the purchase price at the first closing date and asked for and received a continuance. At the second date set for the closing appellant again failed to tender the purchase price. This action was in direct contravention of the terms of the contract for sale which called for a cash transaction.

In *Holaday* v. *Rickard* (1921), 190 Ind. 684, 131 N. E. 760 this Court faced a similar situation. There an executor's sale of real estate was confirmed by the court and a deed ordered, but the purchaser for 60 days refused to pay the purchase price. We held that the executor, regardless of any other remedy which he may have had, pursued a proper remedy when he filed a verified petition setting forth the above facts and that the deed had not been delivered, and asking that the court's previous action be set aside. We further held that where an executor's sale of land had been confirmed and a deed ordered and approved, but the purchaser had refused to pay the purchase price, and the deed had not been delivered, the trial court was warranted in treating the sale as still in fieri and in setting aside its previous orders.

There are other reasons why, in our judgment, the appellant cannot succeed in this alleged appeal. The property, after the court's order vacating the sale to appellant, was offered for sale a second time and Willard Allen Brown and Eileen V. Brown were the purchasers thereof. Although appellant contends that it should have been made a party to the original order vacating the sale because it was the first purchaser, appellant failed to make the Browns, who were the second purchasers, parties to this alleged appeal. Thus we see the appellant taking an inconsistent position; urging in one instance that it should have been made a party

to the order vacating the sale, but not granting to the Browns, the second purchasers, the same rights which they insist should have been given them.

For the various reasons stated, the motion to dismiss is sustained.

Hunter, C.J., DeBruler, Givan, JJ., concur; Jackson, J., concurs in result.

## ON PETITION FOR REHEARING

ARTERBURN, J.—The appellant has filed a petition for rehearing calling our attention to a misstatement of the record herein, namely that the appellant had failed to amend its assignment of errors. An inspection of the record discloses that the appellant is correct, it did amend the assignment of errors. However, at no place in the briefs was this fact mentioned. We have said many times that this court is not required to search the record, but is entitled to rely upon the briefs for its decision in a case. Be that as it may, however, the appellant's petition must be denied for the alternative reason given in the decision. Appellant claims it was not a party to the hearing which vacated the sale. The second basis for rehearing urged by appellant concerns the issue of notice. As we stated in our original opinion, nevertheless, appellant did appear in court, filed a petition to set aside the order vacating the sale and had a hearing thereon. Thus, the appellant had its day in court.

For the reasons stated in the original opinion, the petition for a rehearing is denied.

Hunter, C.J., DeBruler and Givan, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 254 N. E. 2d 862.